**UNITED STATES of America, Plaintiff-Appellee,**

v.

**George Herman ROGERS, Defendant-Appellant.**

**No. 73-2094.**

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1974.

Ralph W. Parnell, Jr., Shreveport, La. (Court-appointed), for defendant-appellant.

Donald E. Walter, U. S. Atty., L. Edwin Greer, Asst. U. S. Atty., Shreveport, La., for plaintiff-appellee.

Before BROWN, Chief Judge, and GODBOLD and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant was convicted on each of five counts of an indictment under 18 U.S.C.A. § 871(a) for knowingly and wilfully making verbal threats "to take the life of or inflict bodily harm upon the President of the United States." He was sentenced to five years imprisonment (the maximum sentence available) on count one with parole eligibility to be determined by the Parole Board pursuant to § 4208(a)(2) and to five years imprisonment on each of the other four counts to run concurrently but with sentence suspended on these four counts during good behavior with a five year supervised probation period to commence after the expiration of the confinement sentence.[1] We affirm.

On March 24, 1972, at about the time of President Nixon's trip to China, appellant, with a long history of chronic alcoholism, entered a Holiday Inn restaurant in Shreveport, Louisiana at 6 a. m. and made statements which were regarded as a threat on the life and limb of the President. The local police were summoned and appellant was taken briefly into custody at which time he

---

1. Appellant was required to join and actively participate in Alcoholics Anonymous as a condition of probation.

made further threatening statements. The local police turned appellant over to the local Veterans Administration hospital although it is unclear whether the hospital was ever aware of the fact. Not until seven days later was appellant arrested on a federal warrant.

■■■ Appellant challenges the sufficiency of the evidence as well as the propriety of the legal standard applied by the trial court. On the evidence presented, the jury could properly conclude that on each count appellant's conduct satisfied both essential elements of the offense—(1) a true threat,[2] (2) knowingly and intelligently made.[3]

The District Court's instructions on the law are literally in accord with the precedents of the majority of Circuits which have construed the statute. See, e. g., Roy v. United States, 9 Cir., 1969, 416 F.2d 874. And in approving them we reject appellant's importunities that we adopt the holding of United States v. Patillo, 4 Cir. (en banc), 1971, 438 F.2d 13, affirming 431 F.2d 293 to the effect that "where * * * a true threat against the person of the President is uttered without communication to the President intended, the threat can form a basis for conviction under the terms of Section 871(a) only if made *with the*

*present intention* to do injury to the President." (Emphasis added). We decline to do so and instead follow the great majority of the Circuits which have held that it is not necessary to prove an intention to carry out the threat under § 871(a). See Watts v. United States, 1968, 131 U.S.App.D.C. 125, 402 F.2d 676, reversed on other grounds, 1969, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664.

Since *Watts*, the Second, Sixth, Ninth and Tenth Circuits have emphasized that an intention to carry out the threat is not required under the statute. United States v. Compton, 2 Cir., 1970, 428 F.2d 18, cert. denied, 401 U.S. 1014, 91 S.Ct. 1259, 28 L.Ed.2d 551; United States v. Lincoln, 6 Cir., 1972, 462 F.2d 1368, cert. denied, 409 U.S. 952, 93 S.Ct. 298, 34 L.Ed.2d 224; Roy v. United States, 9 Cir., 1969, 416 F.2d 874; United States v. Hart, 10 Cir., 1972, 457 F.2d 1087, cert. denied, 409 U.S. 861, 93 S.Ct. 150, 34 L.Ed.2d 108.

Of course under F.R.Crim.P. Rule 35, appellant may, within 120 days of the issuance of our mandate, seek a reduction of the stringent sentences imposed in the District Court.

Affirmed.

---

2. The District Court instructed the jury that "a true threat, as required by the statute, is a serious threat and not words uttered as a mere political argument, idle talk or jest. The full context in which the words were spoken should be considered."

3. The Court further instructed the jury "A threat is knowingly made if the maker of it comprehends the meaning of the words uttered by him, and a threat is wilfully made if in addition to comprehending his words, the maker voluntarily and intelligently utters the words as a declaration of an apparent determination to carry out the threat.

Before you convict defendant under this statute you must be convinced beyond a reasonable doubt that the defendant intentionally made a statement, either written or oral, in a context and under such circumstances that a reasonable person would foresee that the statement would be interpreted by persons hearing or reading it as a serious expression of an intention to inflict bodily harm upon or to take the life of the President of the United States, and you must be further convinced beyond a reasonable doubt that the statement was not the result of mistake, duress or coercion. However, the statute does not require proof that the defendant actually intended to carry out the threat to kill or harm the President."