**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald Vincent CALLAHAN,
Defendant-Appellant.**

**No. 81–6091.**

United States Court of Appeals,
Eleventh Circuit.

April 15, 1983.

Patrick Doherty, Gross & Doherty, Clearwater, Fla., for defendant-appellant.

Stephen M. Crawford, U.S. Atty., Terry A. Zitek, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before RONEY and HILL, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Convicted of mailing a letter threatening the lives of the president-elect and vice president-elect of the United States in violation of 18 U.S.C.A. § 871, Donald Vincent Callahan appeals on the single issue of whether the statements he made in his letter constituted a true threat under the statute.

The statute provides that whoever knowingly and willfully mails a letter containing any threat to kill or cause bodily harm to the president, vice president, president-elect, or vice president-elect shall be fined a maximum of $1,000 or be imprisoned up to a maximum of five years, or both.[1]

The letter, signed by Callahan, read:

Dear Mr. Knight:

It is essential that Reagan and Bush are assassinated on Inauguration Day in front of the television cameras.

If you can arrange for me to get into the act, I will be willing to accept the responsibility.

I don't want anymore Protestant Scum in the White House. The separation of Church and State is a sacrosanct privilege to me and all Christians.

The fate of the Christian West hangs in the balance. The forces of the Reformation must be destroyed before there is any possibility of dissolving the threat posed by Jewish Fascism and Communism.

You know where I live. Just call, I will be in Washington in a few hours.

The envelope in which the letter was mailed was addressed to H.S. Knight, Director of the Secret Service, and bore Callahan's name and return address.

■ Viewing the evidence in the light most favorable to the jury's verdict, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), there was substantial evidence to support the jury verdict under the objective standard utilized in this circuit. *United States v. Rogers,* 488 F.2d 512, 514 (5th Cir.1974), *rev'd on other grounds,* 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975). To establish a violation of the statute, the government had to prove that the defendant knowingly and willfully uttered the words alleged to constitute the threat, that he understood the meaning of the words to be an apparent threat, and that the defendant mailed them or caused them to be mailed. *See United States v. Kirk,* 528 F.2d 1057 (5th Cir.1976).

The defendant contends his letter constituted a conditional statement that was nothing more than political hyperbole. He points to the fact that the Secret Service did not respond immediately to the letter as an indication that the agency responsible for the safety of the president-elect and vice president-elect did not perceive the letter as a threat.

■ The defendant's argument misses the mark. The question is whether there was sufficient evidence to prove beyond a reasonable doubt that the defendant intentionally made the statement under such circumstances that a reasonable person would construe them as a serious expression of an intention to inflict bodily harm upon or to take the life of the persons named in the statute. *United States v. Rogers,* 488 F.2d at 514 & n. 3. The government is not required to prove an actual intent to carry out the threat. *United States v. Pilkington,* 583 F.2d 746 (5th Cir.1978), *cert. denied,* 440 U.S. 948, 99 S.Ct. 1427, 59 L.Ed.2d 637 (1979), *citing United States v. Rogers,* 488 F.2d 512 (5th Cir.1974).

1. Section 871 states in pertinent part:

(a) Whoever knowingly and willfully deposits for conveyance in the mail or for a delivery from any post office or by any letter, paper, writing, print, missive, or document containing any threat to take the life of or to inflict bodily harm upon the President of the United States, the President-elect, the Vice President or other officer next in the order of succession to the office of President of the United States, or the Vice President-elect, or knowingly and willfully otherwise makes any such threat against the President, President-elect, Vice President or other officer next in the order of succession to the office of President, or Vice President-elect, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

18 U.S.C.A. § 871.

Callahan's letter is threatening on its face, stating that it is "essential" that the president-elect and vice president-elect be assassinated. He specifies a date, time, and place, and manifests a willingness to accept the consequences of the murders if it can be arranged for him "to get into the act..." He further offers to arrive in Washington, D.C., "in a few hours." When Callahan was arrested, he stated that he meant everything he had said in the letter. Although the carrying out of the threat might have been conditional upon Secret Service aid and agreement, the threat itself was not. The letter unequivocally states it is "essential" that Reagan and Bush be assassinated on inauguration day, and the defendant is ready to help carry out that threat.

■ That the letter contains certain political and religious statements does not serve to remove it from the prohibition of the statute. In *Watts v. United States,* 394 U.S. 705, 88 S.Ct. 1399, 22 L.Ed.2d 664 (1969), where the Court determined that the statements involved were expressions of political opposition rather than a true threat, the statements were made during a political debate, were expressly conditioned on the occurrence of an event, and both the maker and the crowd he addressed laughed at the statement.

We agree with the correctness of the law in this circuit and would not change it, as the defendant requests, even if free to do so. We do note, however, that one circuit has fashioned a rule which looks to the subjective intent of the person making the alleged threat, defining a true threat as one "made with the present intention either to injure the President, or incite others to injure him...." *United States v. Patillo,* 438 F.2d 13, 16 (4th Cir.1979) (en banc). This approach has been repeatedly rejected under the law of this circuit. *United States v. Kirk,* 528 F.2d at 1063–64; *United States v. Rogers,* 488 F.2d at 514.[2]

AFFIRMED.

**2.** The government argues the evidence was sufficient even under the subjective standard. Such consideration on this appeal is not appropriate, however, because the trial court did not charge the jury on the subjective standard.