[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15808
Non-Argument Calendar

_____

D. C. Docket No. 07-00375-CR-T-24-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY WADE PINKSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 8, 2009)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Wade Pinkston appeals his conviction for threatening the President

of the United States in violation of 18 U.S.C. § 871.  On appeal, Pinkston argues that the evidence was insufficient to prove beyond a reasonable doubt that he was guilty of threatening to inflict bodily harm upon or take the life of the President of the United States.  Specifically, Pinkston argues that all of the individuals involved in the events leading up to his arrest knew he had an extensive mental health history, was homeless, had no income, weapon, or transportation, and had previously been provided bedding at a hospital after threatening to harm himself.  Based on this knowledge, as well as Pinkston's inability to provide details when asked how he would carry out his threat, Pinkston argues a reasonable person would not construe his alleged threat as a serious expression of an intent to inflict bodily harm upon or take the life of the President.

"We review de novo a district court's denial of judgment of acquittal on sufficiency of evidence grounds."  United States v. Browne, 505 F.3d 1229, 1253 (11th Cir. 2007), cert. denied, 128 S. Ct. 2962 (2008). "In reviewing a sufficiency of the evidence challenge, we consider the evidence in the light most favorable to the Government, drawing all reasonable inferences and credibility choices in the Government's favor."  Id.  We affirm if "a reasonable jury could conclude that the evidence establishes guilt beyond a reasonable doubt."  Id.  The jury may choose from among the reasonable conclusions, and a guilty verdict need only be

"reasonable, not inevitable, based on the evidence presented at trial." Id.

In order to convict a person for threatening the President, the government must prove beyond a reasonable doubt that the defendant's statements were a knowing and willful threat to the President. 18 U.S.C. § 871(a); United States v. Callahan, 702 F.2d 964, 965 (11th Cir. 1983). The government must show a "true threat" by the defendant. Watts v. United States, 394 U.S. 705, 707-08, 89 S. Ct. 1399, 1401 (1969). A true threat is a serious threat and not words uttered as mere political argument, idle talk, or jest. United States v. Rogers, 488 F.2d 512, 514 n.2 (5th Cir. 1974), rev'd on other grounds, 422 U.S. 35, 95 S.Ct. 2091 (1975). The context in which the words were spoken should be taken into consideration. Id.; see also Watts, 394 U.S. at 708, 89 S. Ct. at 140 (noting that, taken in context, the petitioner's statement was a crude expression of political opposition rather than a threat). This Court has held that "it is not necessary to prove an intention to carry out the threat under § 871(a)." Rogers, 488 F.2d at 514. This Court has stated:

> The question is whether there was sufficient evidence to prove beyond
> a reasonable doubt that the defendant intentionally made the statement
> under such circumstances that a reasonable person would construe
> them as a serious expression of an intention to inflict bodily harm
> upon or take the life of the persons named in the statute.

Callahan, 702 F.2d at 965.

Upon review of the record, and consideration of the parties' briefs, we

3

discern no reversible error. Pinkston made the statement that he intended to kill the President to several people including hospital personnel and government agents. He refused to back down from his statements during questioning. Despite the fact that Pinkston is homeless, he gave the impression that he could obtain a weapon and transportation. Pinkston's threat was taken seriously by hospital staff and the federal agents, and he was given multiple opportunities to recant his threat.

There was sufficient evidence for the jury to conclude that Pinkston's statements were not just political argument, idle talk, or jest, and that Pinkston intentionally made a true threat against the President under such circumstances that a reasonable person would construe it as a serious expression of an intention to inflict bodily harm upon or take the life of the President.

Based on the foregoing, Pinkston's conviction is AFFIRMED.