A05A0006. OLIVER v. THE STATE.
(606 SE2d 874)

BLACKBURN, Presiding Judge.

Following a jury trial, Tareyton Oliver appeals his conviction for armed robbery, contending that: (1) the evidence was insufficient to support the verdict; (2) he received ineffective assistance of counsel; (3) the jury rendered an inconsistent verdict; and (4) the trial court erred by allowing the admission into evidence of a videotape containing a re-enactment of the crime. For the reasons set forth below, we affirm.

1. Oliver contends that the evidence was insufficient to support the verdict and, concomitantly, that the trial court should have granted his motion for a directed verdict of acquittal. We disagree.

> The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. A motion for a directed verdict in a criminal case should only be granted when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. Moreover, on appeal the evidence must be viewed in the light most favorable to the verdict, [Oliver] no longer enjoys the presumption of innocence, and the appellate court determines the sufficiency, not the weight of the evidence, and does not judge the credibility of the witnesses. Further, we do not speculate which evidence the jury chose to believe or disbelieve.

(Emphasis omitted.) *Davenport v. State.*[1]

Viewed in this light, the record shows that, on the evening of September 7, 2002, Johnny Johnson and Oliver were at the home of

---

[1] *Davenport v. State*, 255 Ga. App. 593 (1) (565 SE2d 900) (2002); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Antoinette Weston. Both Johnson and Weston testified that Johnson and Oliver phoned Lisa's Pizzas, ordered pizzas and sodas, and requested that they be delivered to a vacant house nearby. Johnson and Oliver then left Weston's home, and, with a third unidentified person, they waited for the pizza delivery person, Richard Zuraski. When Zuraski arrived, the three robbers approached him, and Zuraski was able to see their faces for a moment. Oliver and the unidentified robber then put on masks, while Johnson's face remained uncovered.

Johnson testified that, at that point, Oliver pointed a revolver at Zuraski and demanded that he turn over the food. Zuraski positively identified both Johnson and Oliver as his assailants during trial.

This evidence was sufficient to support the verdict against Oliver. See *Jackson*, supra.

2. Oliver contends that he received ineffective assistance of counsel, arguing that his trial counsel: (a) failed to object after the prosecutor entered the jury room while jurors were present; (b) failed to call certain witnesses; (c) prevented Oliver from testifying despite his desire to do so; and (d) refused to strike a potential juror with whom Oliver was "uncomfortable."

(a) Contrary to Oliver's patently spurious argument, the record wholly fails to support his claim that the prosecutor ever entered the jury room with the jurors. At the motion for new trial, the prosecutor clearly stated that he never entered the jury room, and Oliver's own witness stated that, although she saw the prosecutor exit the courtroom into a hall connected to the jury room, she never actually saw the prosecutor enter the room with the jury. In light of the clear evidence of record, this argument is both unwarranted and frivolous.

(b) Oliver contends that his trial counsel was ineffective for failing to call certain witnesses who he claims would have testified regarding an alibi.

> The decisions on which witnesses to call, whether and how to conduct cross-examination, which jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client. Trial counsel's strategic decisions made after thorough investigation are virtually unchallengeable.

(Citation omitted.) *Teat v. State.*[2] The record is clear that Oliver's trial counsel chose not to call the witnesses about whom Oliver claims for

---

[2] *Teat v. State*, 237 Ga. App. 867, 869 (2) (516 SE2d 794) (1999).

strategic reasons, and, as such, Oliver's contention in this regard must fail.

(c) Oliver contends that his trial counsel prevented him from testifying, despite his desire to do so. The record, however, indicates that Oliver was fully informed about his right to testify during trial and voluntarily chose not to do so. This contention has no merit.

(d) Oliver contends that his trial counsel failed to strike a potential juror with whom he was "uncomfortable." As discussed above, however, the decision regarding which potential jurors to strike is a strategic one. *Teat*, supra. As such, this contention is erroneous.

3. Oliver contends that his conviction for armed robbery must be reversed because the jury also acquitted him of the crime of possession of a firearm. Again, this contention is wholly without merit and directly in contravention with clearly established law.

> Our Supreme Court abolished the inconsistent verdict rule in criminal cases in *Milam v. State*.[3] Thus, Georgia does not recognize an inconsistent verdict rule, which would permit a defendant to challenge the factual findings underlying a guilty verdict on one count as inconsistent with the findings underlying a not guilty verdict on a different count. A conviction on one count and acquittal on another related count may reflect a compromise or lenity by the jury rather than inconsistent factual conclusions, and Georgia courts generally will not look behind the jury's decision to convict on certain counts and acquit on other counts.

*Mitchell v. State*.[4]

While acknowledging *Milam*, Oliver argues nonetheless that "maybe it is time for this Court to review its decision in *Milam*." This argument, however, is flawed at its most fundamental level. *Milam* is a binding case rendered by our Supreme Court, not this Court. As such, we have no authority to alter or ignore the binding precedent of that case.

4. Finally, Oliver contends that the trial court erred by admitting into evidence a videotape depicting a re-enactment of the robbery on several grounds. The record shows, however, that prior to the introduction of the videotape, a live re-enactment of the crime was presented to the jury by testifying witnesses. Oliver made no objections to the live re-enactment, and he does not dispute that the

---

[3] *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).
[4] *Mitchell v. State*, 262 Ga. App. 806, 807 (586 SE2d 709) (2003).

contents of the videotape were consistent with both the live re-enactment and the testimony of prior witnesses. Therefore, even if the videotape were improperly admitted, it was merely cumulative of prior evidence properly before the jury. *Bowen v. State.*[5] Accordingly, Oliver's enumeration is without merit.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED NOVEMBER 12, 2004.

*Willie C. Weaver*, for appellant.

*Kenneth B. Hodges III, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.

---

[5] *Bowen v. State*, 237 Ga. App. 597 (516 SE2d 311) (1999).