## A04A1761. WILSON v. THE STATE.
### (607 SE2d 197)

MILLER, Judge.

Following a jury trial, Rahman Frederick Wilson was convicted of misdemeanor obstruction of a law enforcement officer. On appeal he contends, essentially, that the evidence was insufficient to support the conviction. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Wilson's mother was speeding in a van with Wilson lying in the back seat when a police officer pulled them over. The officer checked Wilson's mother's license and vehicle tag and discovered that a warrant had been issued for her arrest. A second officer arrived on the scene and discussed the situation with the first officer. The officers agreed that they would release the van to Wilson if he had a valid driver's license, since Wilson's mother would have to be arrested in light of the warrant.

The second officer approached the passenger side of the van, opened the sliding door, and asked Wilson to step out. Wilson complied, but as he stepped out he kept one hand down his pants, which led the officer to believe that he might have been concealing some kind of weapon. The officer told Wilson that he would have to pat him down for safety reasons, and Wilson said to the officer, "[M]an, you're not fucking touching me." The officer calmly explained to Wilson a second time that a safety pat-down was necessary, and Wilson again

---

[12] *Adams v. MARTA*, 246 Ga. App. 698, 699 (1) (a) (542 SE2d 130) (2000).

refused to be touched. The officer then told Wilson that he was under arrest for obstruction and ordered him to turn around and place his hands behind his back. Wilson turned around, but did not place his hands behind his back as instructed, choosing instead to grab a rail on top of the van. Wilson continued to hold on to the rail despite the officer's several requests for him to place his hands behind his back.

The first officer noticed that Wilson was refusing to comply with the second officer's instruction to place his hands behind his back and told Wilson to comply with the officer's request. The second officer attempted to physically place Wilson's hands behind his back but could not do so because Wilson continued to resist by keeping his hands on the rail. The second officer then showed Wilson a can of pepper spray and warned him that he would use it if Wilson did not put his hands behind his back. Wilson again refused, and said, "I'll take you one on one." The second officer then used his pepper spray. Enraged, cursing, and flailing his fists, Wilson chased the second officer into the road. One of Wilson's many punches landed, bruising the officer's face. The first officer intervened by using his baton to hit Wilson on the leg and to knock him off balance. The first officer then attempted to tackle Wilson to bring him to the ground. Wilson continued to resist, but the officers finally subdued him.

Wilson was indicted on two counts of felony obstruction of a police officer, one count for each officer involved in the incident. At trial Wilson requested, and the court gave, a charge on the lesser included offense of misdemeanor obstruction. The jury found Wilson not guilty on the obstruction charge relating to the second officer, but found him guilty of misdemeanor obstruction with respect to the first officer. Following the denial of his motion for new trial, Wilson appeals.

Wilson contends that the evidence presented at trial was insufficient to sustain his conviction for misdemeanor obstruction. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person may be found guilty of misdemeanor obstruction when he "knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties." OCGA § 16-10-24 (a). Even when a jury finds the defendant not guilty of felony

obstruction,[*] it may still properly find him guilty of misdemeanor obstruction when the elements for the lesser crime have been satisfied. *Pearson v. State*, 224 Ga. App. 467, 469 (2) (480 SE2d 911) (1997).

Here, Wilson would not cooperate with police when the first officer ordered Wilson to comply with the second officer's lawful request to pat Wilson down for possible weapons. See, e.g., *Thomas v. State*, 231 Ga. App. 173, 174-175 (498 SE2d 760) (1998) (limited pat-down search proper where police reasonably suspect individual may be armed). Wilson continued to resist even after he had already cursed at the second officer, and he held on to a rail on top of his mother's van so that the second officer could not place Wilson's hands behind his back to arrest him. When the first officer tried to subdue Wilson after he punched the second officer, Wilson continued to disobey the first officer and fight with him to a point where the second officer had to physically intervene before the struggle ended. The evidence sufficed to sustain the conviction for misdemeanor obstruction with respect to the first officer. See *Leckie v. State*, 231 Ga. App. 760, 761 (500 SE2d 627) (1998); *Pearson*, supra, 224 Ga. App. at 469 (2); see also *Cline v. State*, 221 Ga. App. 175, 176 (471 SE2d 24) (1996).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 19, 2004.

*Harrison & Harrison, Samuel H. Harrison*, for appellant.
*Daniel J. Porter, District Attorney, John A. Steakley, Assistant District Attorney*, for appellee.

---

[*] Felony obstruction contains the additional element that the perpetrator threatens or does violence to an officer. See OCGA § 16-10-24 (b).
[1] Antwuan Johns was seriously injured and Christine Johns was killed in the wreck at issue.