A05A0929. JONES v. THE STATE.
(622 SE2d 425)

RUFFIN, Chief Judge.

A jury found Alice Marie Jones guilty of misdemeanor obstruction. Jones appeals, challenging the sufficiency of the evidence. For reasons that follow, we affirm.

On appeal, Jones no longer enjoys a presumption of innocence, and the evidence must be viewed favorably to the verdict.[1] We do not weigh the evidence or determine witness credibility, but only determine whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt.[2]

So viewed, the evidence shows that on March 6, 2002, law enforcement officers executed a search warrant at the residence of Jones' brother. Deputies Wayne Waldon and Richard Taylor secured the perimeter of the property, including the driveway leading up to the home. During the search, Jones drove up, parked at the end of the driveway, and exited her car. The deputies approached Jones, who asked "what was going on" and whether her brother had been shot. Waldon told her that no one had been shot and that the police were

---

[1] See *Wilson v. State*, 270 Ga. App. 555, 556 (607 SE2d 197) (2004).
[2] See id.

executing a search warrant. Waldon also asked to see Jones' identification. Ignoring Waldon's request, Jones pushed him twice and continued toward the residence. Waldon tried to calm Jones down, but she began fighting with him. As he described: "[w]e had a-hold of each other. We was [sic] wrestling."

Taylor tried to help Waldon restrain Jones and became "tied up" in the struggle. Deputy Jerome Revels, who saw Waldon and Taylor "in a tussle with somebody," also tried to assist them. Noting that Jones "was kicking and flailing around," Revels attempted to subdue her with a Taser gun, but it had no effect. Another officer, Deputy Robert Eunice, observed Waldon and Jones "going around in circles." According to Eunice, Jones was irate, disorderly, and began to "sling[ ] [Waldon] around like a dish rag." Eunice finally managed to subdue Jones with a Taser, handcuff her, and place her in a patrol car.

Jones and several other witnesses offered a contrary account of the events. They asserted that the police attacked Jones without provocation. Jones' husband testified that the family "received a call that one of [Jones'] brothers had been shot," so he, Jones, their son, and Jones' mother drove to the brother's home. According to the husband, the police attacked Jones, then pointed a gun at him when he tried to help her.

Jones was tried under a four-count indictment. Counts 1 and 2 charged her with felony obstruction of a law enforcement officer "by offering and/or doing violence . . . by shoving and fighting" with, respectively, Waldon and Taylor.[3] Counts 3 and 4 alleged misdemeanor obstruction by shoving and fighting with Waldon and Taylor.[4] The jury found Jones guilty of Count 3, misdemeanor obstruction of Waldon, and acquitted her of the other charges.

In her sole claim of error, Jones contends that no rational trier of fact could have found her guilty beyond a reasonable doubt of misdemeanor obstruction after acquitting her on all other charges. Noting that allegations of "shoving and fighting" appear in each count, she argues that the jury's finding "against the 'shoving and fighting' in the greater offenses . . . negate[d] the manner in which the misdemeanor obstruction was allegedly committed."

To support this argument, Jones relies exclusively on cases applying the inconsistent verdict rule.[5] In 1986, however, our Supreme Court abolished that rule in criminal cases.[6] A defendant can

---

[3] See OCGA § 16-10-24 (b).

[4] See OCGA § 16-10-24 (a).

[5] See *Conroy v. State*, 231 Ga. 472, 474-475 (202 SE2d 398) (1973); *Evans v. State*, 138 Ga. App. 620, 621-622 (1) (227 SE2d 448) (1976).

[6] See *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

no longer seek reversal by claiming that the factual findings underlying a guilty verdict on one count are inconsistent with an acquittal on a different count.[7] As we have found, "[a] conviction on one count and acquittal on another related count may reflect a compromise or lenity by the jury rather than inconsistent factual conclusions, and Georgia courts generally will not look behind the jury's decision to convict on certain counts and acquit on other counts."[8] It follows that Jones cannot challenge her conviction on this basis.

Moreover, the verdicts in this case are not inconsistent. Misdemeanor obstruction requires proof that the defendant knowingly and wilfully obstructed or hindered a law enforcement officer in the lawful discharge of his official duties.[9] Felony obstruction, on the other hand, requires proof of an additional element — that the defendant offered or did violence to the officer.[10] The jury could have concluded that, although Jones shoved and fought with Waldon, her conduct did not rise to the level of "offering and/or doing violence" to the officer's person.

"Even when a jury finds the defendant not guilty of felony obstruction, it may still properly find [her] guilty of misdemeanor obstruction when the elements for the lesser crime have been satisfied."[11] The evidence authorized the jury to conclude that Jones hindered Waldon as charged in Count 3.[12] Although Jones presented evidence countering the State's version of events, "we do not 'speculate as to which evidence the jury chose to believe.' "[13]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 24, 2005.

*James A. Yancey, Jr.*, for appellant.
*Stephen D. Kelley, District Attorney, Jan Kennedy, Assistant District Attorney*, for appellee.

---

[7] See *Oliver v. State*, 270 Ga. App. 429, 431 (3) (606 SE2d 874) (2004).
[8] Id.
[9] See OCGA § 16-10-24 (a); *Duke v. State*, 205 Ga. App. 689 (423 SE2d 427) (1992).
[10] See OCGA § 16-10-24 (b); *Duke*, supra at 690.
[11] (Footnote omitted.) *Wilson*, supra at 556-557.
[12] See id.
[13] *Glenn v. State*, 269 Ga. App. 412, 415 (604 SE2d 255) (2004).