[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11502
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cr-00006-LGW-JEG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERECK JEROME BROWN,
a.k.a. Detrick Brown,
a.k.a. Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 20, 2015)

Before ED CARNES, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

Dereck Brown was convicted of violating 18 U.S.C. § 922(g)(1) by possessing a firearm as a convicted felon.  In calculating Brown's sentence under the advisory guidelines, the district court applied certain enhancements because he qualified as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Brown argues that the district court erred in applying the ACCA, but his arguments are without merit.

After a confidential informant purchased crack cocaine from Brown on several occasions, officers of the Waycross, Georgia police department executed a search warrant at Brown's residence.  Inside they found Brown, a loaded handgun, 15 rounds of ammunition for the handgun, $923 in cash, and plastic bags containing what they suspected was crack cocaine and marijuana.

A federal grand jury charged Brown with possessing controlled substances with intent to distribute them, possessing a firearm in furtherance of a drug crime, and being a felon in possession of a firearm.  He pleaded guilty to the felon-in-possession charge in exchange for the government's agreeing to seek dismissal of the other charges.

The presentence investigation report (PSR) determined that Brown was an armed career criminal under the ACCA because he had been convicted of three or more qualifying predicate offenses — twice for selling cocaine, which qualifies as a "serious drug offense" under 18 U.S.C. § 924(e)(1), and twice for felony

2

obstruction in violation of Georgia law, which, according to the PSR, constitutes a "violent felony" for purposes of § 924(e)(1).  Because Brown was an armed career criminal, the PSR applied the ACCA enhancement to increase Brown's recommended total offense level from 28 to 34 and to increase his recommended criminal history category from V to VI.  Pairing Brown's criminal history category with his total offense level yielded an advisory guidelines range of 210–262 months in prison.

Brown objected to being classified as an armed career criminal.  First, he contended that, because his two prior convictions for selling cocaine involved sales to the same person that took place just six minutes apart, they should not be considered separate offenses for purposes of the ACCA.  Second, he contended that felony obstruction in Georgia was not a qualifying predicate offense under the ACCA because it was not a "violent felony," as the ACCA uses that phrase.

The district court overruled Brown's objections and sentenced him as an armed career criminal.  It first determined that the sales underlying his cocaine convictions were successive, not simultaneous, so that they constituted separate criminal episodes for purposes of the ACCA.  The district court also concluded that felony obstruction under Georgia law qualifies as a "violent felony" under the ACCA's elements clause, meaning Brown's two felony obstruction convictions qualified as ACCA predicate offenses.  Having addressed Brown's objections, the

3

district court adopted the PSR's calculations and sentenced him to 210 months in prison — the bottom of his guidelines range. The court explained that, in sentencing Brown, it had considered the PSR, the parties' statements, and the factors set out in 18 U.S.C. § 3553(a), and had found "no reason to depart from the sentence called for by application of the advisory guidelines." The district court added that it had picked the low end of the guidelines range after balancing factors such as Brown's work history, his extensive criminal record, and the circumstances of his arrest. A 210-month sentence, the district court said, "adequately captures the seriousness of the offense without undermining the statutory purposes of sentencing."

Brown challenges the sentence on three grounds. First, he asserts that the district court erred in concluding that felony obstruction, as Georgia defines it, is a violent felony under the ACCA. Second, he contends that the government did not prove that his two convictions for selling cocaine involved separate offenses. Finally, he argues that the 210-month sentence the district court imposed was substantively unreasonable.

None of Brown's contentions warrants resentencing. The district court correctly determined that felony obstruction under Georgia law is categorically a violent felony for purposes of the ACCA's elements clause. A felony is a violent felony under the elements clause if it "has as an element the use, attempted use, or

4

threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). As used in the elements clause, "the phrase 'physical force' means *violent* force — that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010). Georgia's felony obstruction statute applies only to those who obstruct a law enforcement officer "by offering or doing violence" to the officer's person. O.C.G.A. § 16-10-24(b); see also Jones v. State, 622 S.E.2d 425, 427 (Ga. Ct. App. 2005) ("Felony obstruction . . . requires proof of an additional element — that the defendant offered or did violence to the officer.") (footnote omitted).

When read together, two decisions establish that the Georgia crime of felony obstruction of justice categorically meets the "use, attempted use, or threatened use of physical force" requirement of the elements clause of the ACCA. The first decision is one in which we held that an attempt to employ physical force by "pushing, struggling, kicking and flailing arms and legs . . . undeniably would" satisfy the elements clause. United States v. Romo-Villalobos, 674 F.3d 1246, 1250 (11th Cir. 2012). The second decision is the one in the Jones case, which illustrates how substantial the violence element of the Georgia statute is. In resisting the officer, the defendant in that case had been "kicking and flailing around," and had slung the officer "around like a dish rag." Jones, 622 S.E.2d at 426. Still, the Georgia Court of Appeals held that a jury reasonably "could have

concluded that, although [the defendant] shoved and fought with [the officer], her conduct did not rise to the level of 'offering and/or doing violence' to the officer's person," in violation of the statute. Id. at 427. The Jones and Romo-Villalobos decisions establish that the amount of violence the Georgia statute requires is enough to satisfy the elements clause of the ACCA. It follows that the district court correctly treated the two Georgia convictions for felony obstruction of justice as predicate offenses for ACCA purposes.

As for Brown's contention that the district court erred in treating as separate offenses his two prior convictions for selling cocaine, any error there was harmless. A defendant convicted of violating 18 U.S.C. § 922(g) is an armed career criminal if, in addition to the § 922(g) violation, he has committed three qualifying predicate offenses. 18 U.S.C. § 924(e)(1). Even counting Brown's prior cocaine convictions as a single offense for purposes of the ACCA, his record still would have included three qualifying predicate offenses — two convictions for felony obstruction and a conviction for selling cocaine. Because the district court's treatment of Brown's cocaine convictions did not affect his status as an armed career criminal, it did not affect his advisory guidelines range or sentence. See United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). For that reason, it cannot be the basis for reversing his sentence.

6

Finally, Brown argues that his 210-month sentence — at the very bottom of his guidelines range — was substantively unreasonable because it greatly exceeded the sentence he would have received under the guidelines had he not been an armed career criminal.  But the district court correctly determined that Brown was an armed career criminal and there was nothing unreasonable about sentencing him as one.  It is also noteworthy that the district court: (1) expressly weighed the factors from 18 U.S.C. § 3553(a), see United States v. Hunt, 459 F.3d 1180, 1185–86 (11th Cir. 2006); (2) imposed a sentence well below the statutory maximum of life in prison, see United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008); and (3) imposed a sentence at the very bottom of the guidelines range, see United States v. Talley, 431 F.3d 784, 787–88 (11th Cir. 2005).  We will vacate a district court's sentence on reasonableness grounds only when left with a "definite and firm conviction that the district court committed a clear error in judgment."  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).  Brown's arguments leave us with no such conviction.

**AFFIRMED.**