[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11577
Non-Argument Calendar

_____

D.C. Docket No. 3:15-cr-00005-DHB-BKE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

KENTA COOK,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 20, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

The government appeals Kenta Cook's 120-month sentence, imposed after

he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1). On appeal, the government argues that the district court erred by

failing to impose a minimum sentence of 15 years under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), because Cook's prior Georgia conviction of felony obstruction qualifies as violent felony for purposes of the ACCA. After careful review, we vacate and remand.

We review <u>de novo</u> whether a prior conviction qualifies as a violent felony under the ACCA. <u>United States v. Hill</u>, 799 F.3d 1318, 1321 (11th Cir. 2015). A district court is not authorized to impose a sentence below an applicable minimum statutory penalty unless the government filed a substantial assistance motion or the defendant falls within the safety-valve provision of 18 U.S.C. § 3553(f). <u>United States v. Castaing-Sosa</u>, 530 F.3d 1358, 1360 (11th Cir. 2008).

Under the ACCA, "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). A "violent felony" includes a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." <u>Id</u>. § 924(e)(2)(B)(i); <u>see also</u> <u>United States v. Braun</u>, 801 F.3d 1301, 1307 (11th Cir. 2015) (noting that this definition of "violent felony" is called the "elements clause"). Physical force is violent force, meaning "force capable of causing

2

physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).

To determine whether a prior conviction was for a violent felony, a court typically uses a categorical approach and compares the elements of the statute of conviction with the elements of the generic crime, meaning the offense as it is commonly understood. Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). The court examines only the statutory elements of the prior offense and does not consider the particular facts underlying the defendant's conviction. Id. at 2283. An offense categorically qualifies as a violent felony under the ACCA if an element of the offense is the use, attempted use, or threatened use of physical force against the person of another. United States v. Wilkerson, 286 F.3d 1324, 1325 (11th Cir. 2002). A court uses a modified categorical approach only if the prior conviction was for violating a divisible statute that sets out one or more elements of the offense in the alternative, and one alternative matches an element of the generic offense but another does not. Descamps, 133 S. Ct. at 2281. "[T]he modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." Id.

Under Georgia's obstruction statute,

[w]hoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his or her official duties

3

by offering or doing violence to the person of such officer . . . is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.

O.C.G.A. § 16-10-24(b).    We have held that "the Georgia crime of felony obstruction of justice categorically meets the 'use, attempted use, or threatened use of physical force' requirement of the elements clause of the ACCA." United States v. Brown, 805 F.3d 1325, 1327-28 (11th Cir. 2015) (concluding that the element of offering or doing violence in O.C.G.A. § 16-10-24(b) "is enough to satisfy the elements clause of the ACCA").

Consistent with our holding in Brown, Cook's Georgia conviction of felony obstruction categorically qualifies as a conviction of a violent felony under the ACCA, and the district court erred in holding otherwise. See id. at 1327. We are bound by this prior precedent because it has not been overruled by this Court en banc or the Supreme Court. United States v. Vega–Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotations omitted) ("Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court."). The district court also erred by using the modified categorical approach and by considering the circumstances surrounding Cook's conviction when deciding if it was a conviction of a violent felony. See Descamps, 133 S. Ct. at 2281-82 (holding that a court may not apply the modified categorical approach if a crime of conviction categorically qualifies

4

as an ACCA predicate offense).   While Cook argues that application of the categorical approach raises Sixth Amendment concerns, the Supreme Court has said that the categorical approach avoids Sixth Amendment concerns by "merely identifying a prior conviction."   Id. at 2288; see also Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (stating that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

As for Cook's reliance on the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), it is misplaced.  In Johnson, the Court held that the ACCA's residual clause -- which defines "violent felony" to include a felony that "involves conduct that presents a serious potential risk of physical injury to another" -- is unconstitutionally vague.  Id. at 2555-57 (emphasis omitted) (quotation omitted).  The Supreme Court contrasted the ACCA's elements clause with the residual clause, stating that, "unlike the part of the definition of a violent felony that asks whether the crime has as an element the use . . . of physical force, the residual clause asks whether the crime involves conduct that presents too much risk of physical injury."  Id. at 2557 (quotations and emphases omitted).  The Court determined that the residual clause is unconstitutional in part because it "leaves grave uncertainty about how to estimate the risk posed by a crime" by tying "the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not

5

to real-world facts or statutory elements." Id. Johnson does not impact Cook's classification as an armed career criminal, however, because his obstruction conviction qualifies as a conviction of a violent felony under the ACCA's elements clause. See Brown, 805 F.3d at 1327-28; see also Hill, 799 F.3d at 1322 (noting that "the Supreme Court expressly limited its holding [in Johnson] to the ACCA's residual clause" and left the definition of "violent felony" under the elements clause undisturbed).

In short, Cook's Georgia conviction of felony obstruction categorically qualifies as a conviction of a violent felony under the ACCA. Cook does not dispute that he also has two other convictions that are predicate convictions for the purpose of applying the ACCA. Thus, Cook is an armed career criminal under 18 U.S.C. § 924(e)(1) and is subject to the minimum 15-year penalty. Moreover, because the government did not file a substantial assistance motion and the statutory safety-valve provision is not at issue, the district court was not authorized to impose a sentence below the minimum statutory penalty. See Castaing-Sosa, 530 F.3d at 1360. Accordingly, we vacate Cook's sentence and remand for resentencing consistent with this opinion.

**VACATED AND REMANDED.**