[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15916
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00352-WSD-AJB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KHALIF EDWARDS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 7, 2017)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Khalif Edwards pleaded guilty to being a felon in possession of a firearm.

Based in part on its conclusion that Edwards' earlier Georgia conviction for felony obstruction of an officer qualified as a crime of violence under United States Sentencing Guidelines § 2K2.1(a)(2), the district court calculated that Edwards' total offense level was 25 and his criminal history category was VI. That resulted in a guidelines range of 110 to 120 months imprisonment. The district court sentenced him to 120 months in prison followed by 36 months of supervised release. Edwards appealed, contending that his conviction for obstruction of an officer should not have qualified as a crime of violence.

This Court has held that felony obstruction of an officer under Georgia law qualifies as a violent felony under the elements clause of the Armed Career Criminal Act. United States v. Brown, 805 F.3d 1325, 1327–28 (11th Cir. 2015).[1] "We have recognized that the definitions of 'crime of violence' under the Sentencing Guidelines and 'violent felony' under the Armed Career Criminal Act are virtually identical and have held that [c]onsidering whether a crime is a 'violent felony' . . . is similar to considering whether a conviction qualifies as a 'crime of violence.'" United States v. Welch, 683 F.3d 1304, 1312 (11th Cir. 2012) (quotation marks omitted) (alteration and omission in original). As a result, felony

___

[1] Edwards argues that our conclusion in the Brown decision was incorrect in light of the Supreme Court's decision in Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276, 2281 (2013). But Descamps was decided before Brown, so our Brown decision remains binding and we cannot reconsider it — even if the panel in Brown should have reached a different result in light of the Supreme Court's decision in Descamps. See United States v. Fritts, 841 F.3d 937, 942 (11th Cir. 2016) ("Under this Court's prior panel precedent rule, there is never an exception carved out for overlooked or misinterpreted Supreme Court precedent.").

obstruction of an officer under Georgia law is a crime of violence under U.S.S.G.

§ 2K2.1(a)(2).  Edwards' contentions to the contrary are without merit.

**AFFIRMED.**