[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17738
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00053-CDL-MSH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO SENIOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(November 9, 2017)

Before ED CARNES, Chief Judge, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Mario Senior pleaded guilty to one count of being a convicted felon in

possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e), and he

now appeals his 235-month sentence.  Senior's guilty plea stipulated that he had been convicted of three felonies, including obstruction of a law enforcement officer under Georgia law.  At the sentence hearing, Senior objected to his classification as an armed career criminal on the ground that his Georgia obstruction conviction was not a qualifying felony under the Armed Career Criminal Act's elements clause, 18 U.S.C. § 924(e)(2)(B)(i).  The district court overruled that objection, citing our holding in United States v. Brown, 805 F.3d 1325, 1327 (11th Cir. 2015), that felony obstruction under Georgia law is a violent felony under the ACCA's element's clause.  This is his appeal.

Senior contends that our Brown decision was incorrectly decided, but under the "prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court."  Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).  That rule "is not dependent upon a subsequent panel's appraisal of the initial decision's correctness."  Id. at 1301–02 (quotation marks omitted).  Because there is no en banc or Supreme Court decision overruling Brown, that decision forecloses Senior's argument that felony obstruction under Georgia law is not a qualifying ACCA felony.

**AFFIRMED.**

2