[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17082
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00221-LMM-JSA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACOBY BURNS,
a.k.a. JB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 30, 2018)

Before JORDAN, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Jacoby Burns appeals his sentence for distributing heroin, in violation of 21 U.S.C. § 841.  In calculating Burns's guideline range, the district court applied the career-offender enhancement, U.S.S.G. § 4B1.1, based in part on a prior Georgia felony conviction for obstruction of a law enforcement officer under O.C.G.A. § 16-10-24(b).  Burns contends that felony obstruction under § 16-10-24(b) is not a "crime of violence" for purposes of the career-offender enhancement.  He concedes that this argument is foreclosed by our decision in *United States v. Brown*, 805 F.3d 1325 (11th Cir. 2015), but he asserts that *Brown* has been undermined to the point of abrogation.  Because *Brown* remains binding, we affirm.

The Sentencing Guidelines provide for increased penalties when a defendant is a "career offender."  *See* U.S.S.G. § 4B1.1.  A defendant in a felony drug case is a career offender if he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  *Id.* § 4B1.1(a).  Section 4B1.2 defines "crime of violence" to include an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a).  We refer to this definition as the "elements clause."

In *Brown*, we held that a conviction for felony obstruction under O.C.G.A. § 16-10-24(b) "categorically meets the 'use, attempted use, or threatened use of physical force' requirement of the elements clause" of the Armed Career Criminal Act ("ACCA").  *Brown*, 805 F.3d at 1327.  We said that "Georgia's felony

2

obstruction statute applies only to those who obstruct a law enforcement officer 'by offering or doing violence' to the officer's person." *Id.* at 1327 (quotation marks omitted). And we found that, under Georgia law, the amount of physical force required to meet the element of "offering or doing violence" was enough to satisfy the elements clause. *Id.* at 1327–28.

Although *Brown* was decided under the ACCA, we are bound by that decision here. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (prior panel decisions are binding unless and until they are overruled by the Supreme Court or this Court *en banc*). As we have noted on several occasions, the elements clause of the ACCA is "substantially the same" as the elements clause of the career-offender guideline. *E.g.*, *United States v. Dixon*, 874 F.3d 678, 680 (11th Cir. 2017); *United States v. Martin*, 864 F.3d 1281, 1282–83 (11th Cir. 2017). For that reason, we rely on cases interpreting the ACCA's elements clause when interpreting the guidelines' elements clause. *Dixon*, 874 F.3d at 680. Burns does not suggest that the force required under the ACCA is any different than the force required under § 4B1.2(a). So it follows that an offense that requires force sufficient to satisfy the ACCA's elements clause necessarily also satisfies § 4B1.2(a)'s elements clause.

While Burns concedes that *Brown* is directly on point, he argues that it is not binding because it has been undermined to the point of abrogation by our *en banc*

3

decision in *United States v. Vail-Bailon*, 868 F.3d 1293 (11th Cir. 2017) (*en banc*), and the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013).  He asserts that *Brown* failed to look to the least of the acts criminalized by § 16-10-24(b), as defined by state law, when conducting the categorical analysis.

Burns's arguments are unavailing.  *Descamps* preceded *Brown* and cannot, therefore, abrogate it.  *See United States v. Fritts*, 841 F.3d 937, 942 (11th Cir. 2016) ("There is never an exception carved out for overlooked or misinterpreted Supreme Court precedent under the prior panel precedent rule.").  As for *Vail-Bailon*, Burns fails to explain how its holding applies here.  Rather, he relies on *Vail-Bailon* only for its restatement of the analytical framework that was established before *Brown* was decided.  So *Vail-Bailon*, too, does not help his cause.  At bottom, then, Burns's argument is simply that *Brown* misread Georgia law on the issue of the level of force required to convict under § 16-10-24(b).

But "[i]t does not matter whether a prior case was wrongly decided; whether it failed to consider certain critical issues or arguments; or whether it lacked adequate legal analysis to support its conclusions."  *United States v. Lee*, 886 F.3d 1161, 1163 n.3 (11th Cir. 2018) (citations omitted); *see id.* at 1164 (holding that a prior panel decision was binding even though its "discussion of the elements clause . . . was brief and conclusory, and the panel did not analyze Florida case law").  So

4

even if we were convinced that *Brown* was wrongly decided—though, to be clear, we express no view on the matter—we would still be bound by it.

Because *Brown* has not been overturned or undermined to the point of abrogation, it remains binding law.  The district court therefore properly concluded that Burns's conviction for felony obstruction under O.C.G.A. § 16-10-24(b) categorically qualified as a crime of violence under the elements clause of the career-offender guideline.  *See* U.S.S.G. § 4B1.2(a)(1).  We affirm his sentence.

**AFFIRMED.**