[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  21-10145
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cr-20016-BB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO DONELL FRAZIER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 21, 2021)

Before JILL PRYOR, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Mario Frazier appeals his 180-month total sentence following his convictions for possession with intent to distribute a controlled substance and possession of a firearm by a convicted felon. The government moves for summary affirmance of the district court's judgment and for a stay of the briefing schedule, arguing that the district court properly determined that Frazier's prior drug and attempted robbery convictions qualified him for an enhanced sentence pursuant to the Armed Career Criminal Act ("ACCA").

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review *de novo* whether a conviction qualifies as a serious drug offense or violent felony under the ACCA. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016); *United States v. Seabrooks*, 839 F.3d 1326, 1338 (11th Cir. 2016). Under the prior panel precedent rule, however, we are bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting *en banc*. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Further, we will

2

disregard a sentencing error as harmless if it does not affect the defendant's guideline range or sentence. *See United States v. Brown*, 805 F.3d 1325, 1328 (11th Cir. 2015).

Under the ACCA, a defendant convicted of being a felon in possession of a firearm under § 922(g) who has at least three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," is subject to an enhanced statutory penalty. 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense," in part, as a state offense "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" with a statutory maximum penalty of at least ten years' imprisonment. *Id.* § 924(e)(2)(A)(ii). In determining whether a conviction qualifies as a serious drug offense, we apply the categorical approach to indivisible statutes and the modified categorical approach to statutes that are divisible into alternative crimes. *Spaho v. U.S. Att'y Gen.*, 837 F.3d 1172, 1177 (11th Cir. 2016). Under the modified categorical approach, we may consult a limited class of documents, including indictments, to determine which alternative formed the basis of the defendant's prior conviction, and then we apply the categorical approach and compare the elements of the crime of conviction to the elements of the generic crime. *Id.* (quotation marks omitted).

A violent felony, in turn, is defined as any crime punishable by a term of imprisonment exceeding one year that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. *Id.* § 924(e)(2)(B). The first prong of this definition is referred to as the "elements" clause, the first part of the second prong contains the "enumerated crimes" clause, and the latter part of the second prong contains the "residual" clause. *See United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012). However, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court struck down as unconstitutionally vague the ACCA's residual clause. *Id.* at 2563.

As relevant here, § 893.13 provides that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). We have concluded, in an immigration context, that § 893.13(1)(a) is divisible. *Spaho*, 837 F.3d at 1177. Further, we have held that an offense under § 893.13(1) is a serious drug offense under the ACCA. *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014). In *Shular v. United States*, the Supreme Court unanimously affirmed our ruling that had relied on *Smith* to conclude that a violation of § 893.13 constituted a serious drug offense under the ACCA. 140 S. Ct. 779, 784 (2020). In affirming, the Supreme Court rejected the

4

defendant's contention that his prior convictions under § 893.13(1)(a) did not qualify as serious drug offenses under the ACCA because the statute did not include a *mens rea* requirement. *Id.* at 787. Rather, it held that a serious drug offense under the ACCA required only that the state offense involve the conduct specified in the federal statute, not that the state offense match certain generic offenses. *Id.* at 782, 787.

Additionally, Florida's robbery statute defines the offense of robbery as "the taking of money or other property . . . from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1). In *Lockley*, we concluded that attempted robbery under § 812.13 was "categorically a crime of violence" under U.S.S.G. § 4B1.2. *See Lockley*, 632 F.3d at 1246 (internal quotations omitted). First, we determined that a Florida robbery qualified under the enumerated offenses clause, noting that "robbery" was listed in the guideline commentary and the elements of § 812.13(1) mirrored the generic definition of robbery almost exactly. *Id.* at 1242-44. Second, we concluded that "[t]he bare elements of § 812.13(1) also satisf[ied] the elements . . . [clause] of" § 4B1.2(a). *Id.* at 1245. Specifically, we noted that § 812.13(1) required either the use of force, violence, a threat of imminent force, or some act that puts the victim in fear of death

5

or great bodily harm and, therefore, it had, "as an element, the use, attempted use, or threatened use of physical force against the person of another." *Id.* (internal quotations omitted). Further, we stated that it was "inconceivable that any act which causes the victim to fear death or great bodily harm would not involve the use or threatened use of physical force." *Id.*

Further, we have determined that *Lockley* was binding on the question of whether a § 812.13(1) robbery conviction categorically qualifies as a violent felony under the ACCA. *See United States v. Fritts*, 841 F.3d 937, 940-42 (11th Cir. 2016). Accordingly, in *Fritts*, we held that a Florida armed robbery conviction under § 812.13(1) categorically qualifies as a violent felony under the ACCA's elements clause. *Id.* at 942-44. We have also concluded that, in light of binding precedent, Florida attempted robbery is categorically a violent felony under the ACCA's elements clause. *United States v. Joyner*, 882 F.3d 1369, 1379 (11th Cir. 2018). Notably, in 2019, the Supreme Court affirmed our holding that robbery under § 812.13, categorically qualified as a violent felony under the ACCA's elements clause. *See Stokeling v. United States*, 139 S. Ct. 544, 549-50 (2019).

Here, we grant the government's motion for summary affirmance because it is correct as a matter of law. The district court properly concluded that Frazier's three prior Florida drug convictions under § 893.13 qualified as predicate offenses to support an enhancement under the ACCA. For example, his argument that his

1995 and 1999 convictions under § 893.13(1) did not constitute serious drug offenses is presently foreclosed by *Smith*.  *See Smith*, 775 F.3d at 1268. Additionally, even though Frazier argues that his 1994 conviction does not qualify as a valid ACCA predicate because the statute included the act of purchasing, we have held that § 893.13(1) is divisible and his original charging documents indicate that he was charged with selling or delivering heroin.  *See Spaho*, 837 F.3d at 1177. Thus, Frazier's argument that his 1994 Florida drug conviction under § 893.13(1) did not constitute a serious drug offense is also foreclosed by *Smith*.  *See Smith*, 775 F.3d at 1268.  Consequently, because Frazier's three prior Florida drug convictions were valid predicate offenses under the ACCA, we decline to address his argument that his prior Florida armed robbery conviction did not qualify as a valid ACCA predicate.

Therefore, because the government's position is correct as a matter of law, we GRANT the government's motion for summary affirmance.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Accordingly, we DENY the accompanying motion to stay the briefing schedule as moot.