[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14554

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT COLEMAN QUARLES,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:19-cr-00107-DHB-BKE-1

_____

Before LUCK, LAGOA and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Robert Quarles appeals his sentence imposed by the district court following his guilty plea to the charge of being a felon in possession of a firearm. He argues that the government failed to prove that he was convicted of felony obstruction of an officer and, therefore, that the district court erred in applying an enhancement under the Armed Career Criminal Act ("ACCA") based on exhibits attached to the Presentence Investigation Report ("PSI") that was filed by the probation office. Having read the parties' briefs and reviewed the record, we affirm Quarles's sentence.

## I.

We review claims that the district court erred in applying sentencing enhancements under a two-pronged standard. *United States v. Williams*, 527 F.3d 1235, 1247 (11th Cir. 2008). Factual findings underlying the application of an enhancement are reviewed for clear error. *Id.* We review *de novo* the application of those facts to the law. *Id.* at 1247-48. We also review *de novo* whether a prior conviction is a violent felony under the ACCA. *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).

"To preserve an issue for appeal, one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir.

2007) (quotation marks and citation omitted).  Plain error review applies to a sentencing challenge raised for the first time on appeal. *United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005). To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights.  *Id.*  If all three factors are established, we may exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*  An error is plain if it is clearly contrary to settled law.  *See United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

The sentencing court's factual findings may be based on evidence presented at the sentencing hearing or undisputed statements in the PSI.  *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004).  When a defendant disputes a statement in the PSI, the government has the burden of proving the disputed fact by a preponderance of the evidence.  *United States v. Little*, 864 F.3d 1283, 1290 (11th Cir. 2017).  The government must satisfy its burden with "reliable and specific evidence."  *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009) (quotation marks omitted).  The preponderance standard requires only that the factfinder believes that the existence of a fact is more probable than its nonexistence. *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004).  "Absent a stipulation or agreement between the parties, an attorney's factual assertions alone do not constitute evidence" upon which a sentencing court may rely.  *United States v. Rodriguez*, 732 F.3d 1299, 1305 (11th Cir. 2013).  If a district court selects a sentence

based on a fact for which no record evidence exists, that finding is clearly erroneous, and the sentence is procedurally unreasonable. *See United States v. Barner*, 572 F.3d 1239, 1251 (11th Cir. 2009).

## II.

The ACCA provides that any person who violates 18 U.S.C. § 922(g) and has at least three prior convictions for violent felonies or serious drug offenses that were committed on different occasions is subject to a mandatory minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1). Under the "elements clause" of the ACCA, a "violent felony" is defined as any crime punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i); *United States v. Fritts*, 841 F.3d 937, 939 (11th Cir. 2016).

To determine whether a predicate offense qualifies as a violent felony under the elements clause, courts apply either the categorical or the modified categorical approach. *Mathis v. United States*, 579 U. S. 500, 504-06, 136 S. Ct. 2243, 2248-49 (2016). The modified categorical approach, which applies when a statute is divisible into multiple crimes, allows courts to look to a limited class of documents to determine the defendant's crime of conviction. *Id.* at 505-06, 136 S. Ct. at 2249. Those documents are "the charging document, the . . . plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13,

26, 125 S. Ct. 1254, 1263 (2005).  The documents must speak plainly in establishing whether the defendant necessarily committed the qualifying crime because there is a demand for certainty in determining whether a defendant was convicted of a qualifying offense. *United States v. Gandy*, 917 F.3d 1333, 1340 (11th Cir. 2019).

## III.

Quarles contends on appeal that the district court erred in applying the ACCA enhancement because the government did not meet its burden of showing that the enhancement applied based on his state conviction for obstruction of a law enforcement officer. At sentencing, Quarles objected to the enhancement because the Georgia Crime Information Center ("GCIC") background report listed his conviction as a misdemeanor, although the government argued that it was a felony based on the certified copy of conviction it submitted to the probation officer.  Quarles did not dispute the existence of his conviction but argued there was a discrepancy between the GCIC report and the certified copy of conviction that the government presented.  Due to this discrepancy, Quarles argues that the district court erred in applying the enhancement.

A review of the record indicates that the government provided a certified copy of conviction to the probation office in response to Quarles's objections to the PSI.  The government discussed the certified copy of conviction at the sentencing hearing. It is apparent from the transcript of the sentencing hearing that the district court had a copy of it because the district court noted that the conviction document did not mention that Quarles was

sentenced to a misdemeanor.  Rather, the certified copy of conviction indicated that Quarles was convicted of a felony because he was charged by indictment, the state convened a grand jury to hear the case, and the trial court sentenced him to three years' probation.  Because the district court found that the state obstruction charge qualified as a felony, it applied the enhancement under the ACCA.

Under Georgia's obstruction statute,

> [w]hoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his or her official duties *by offering or doing violence to the person of such officer* . . . is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.

O.C.G.A. § 16-10-24(b) (emphasis added).  We have held that "the Georgia crime of felony obstruction of justice categorically meets the 'use, attempted use, or threatened use of physical force' requirement of the elements clause of the ACCA."  *United States v. Brown*, 805 F.3d 1325, 1327-28 (11th Cir. 2015) (concluding that the element of offering or doing violence in O.C.G.A. § 16-10-24(b) "is enough to satisfy the elements clause of the ACCA").  "Felony" is defined under Georgia law as "a crime punishable . . . by imprisonment for more than 12 months."  O.C.G.A. § 16-1-3(5).

As an initial matter, plain error review applies to Quarles's claim that the district court erred in applying the ACCA enhancement because the government failed to submit *Shepard* documents at the sentencing hearing. The record indicates that Quarles did not raise this specific objection below. We also apply plain error review to Quarles's claim that the district court erred in considering the certified copy of conviction because the government did not submit it at the sentencing hearing. Quarles did not lodge this specific objection with the district court at sentencing. We conclude that Quarles cannot demonstrate that the district court plainly erred on either of these claims.

Based on the record, we conclude that the district court did not err in determining that the government had met its burden of showing that Quarles was convicted of felony obstruction and, therefore, that the ACCA enhancement applied. The district court relied on the certified copy of conviction which noted that the charge was a felony. The district court also reasoned that because Quarles was charged by indictment, the state convened a grand jury to hear the case, and the state court sentenced him to three years' probation, the conviction was a felony conviction pursuant to Georgia law and satisfied the requirements for sentence enhancement under the ACCA. Accordingly, for the aforementioned reasons, we affirm the district court's application of the ACCA enhancement to Quarles's sentence.

**AFFIRMED.**