[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13295
_____

D.C. Docket No. 0:10-cr-60332-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELLISA MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 3, 2015)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before ED CARNES, Chief Judge, BLACK, Circuit Judge, and RESTANI,[*] Judge.

PER CURIAM:

_____

[*] The Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

This case is before this Court for further consideration in light of *Elonis v. United States*, 575 U.S. ___, 135 S. Ct. 2001 (2015). We previously affirmed Ellisa Martinez's conviction under 18 U.S.C. § 875(c) for knowingly transmitting a threatening communication. *United States v. Martinez*, 736 F.3d 981 (11th Cir. 2013). The Supreme Court vacated the opinion and remanded the case to us for consideration in light of *Elonis*. *See Martinez v. United States*, 135 S. Ct. 2798 (2015).

In *Elonis*, the Supreme Court reversed and remanded the defendant's conviction under § 875(c), holding a jury instruction providing "that the Government need prove only that a reasonable person would regard [the defendant's] communications as threats" was error. 135 S. Ct. at 2012. The Court determined that "[h]aving liability turn on whether a 'reasonable person' regards the communication as a threat—regardless of what the defendant thinks"—is insufficient for a conviction under § 875(c). *Id.* at 2011. The Court cited "the basic principle that wrongdoing must be conscious to be criminal," *id.* at 2009, and held that "what [the defendant] thinks does matter," *id.* at 2011. While the Supreme Court declined to answer the question of the exact mental state required by a defendant, it held negligence is not enough to support a conviction under § 875(c). *Id.* at 2013.

Martinez's indictment charged that:

2

> On or about November 10, 2010, in Broward County, in the Southern District of Florida, and elsewhere [Martinez] did knowingly transmit in interstate commerce a communication, that is an email form response, to WFTL Radio, which communication contained a threat to injure the person of another, in violation of Title 18, United States Code, Section 875(c).

Martinez moved to dismiss the indictment, asserting, *inter alia*, that it was facially defective because it failed to allege she subjectively intended to convey a threat to injure others. The district court denied the motion. Martinez then pled guilty to the crime charged in the indictment, but, in pleading guilty, reserved the right to appeal the district court's denial of her motion to dismiss.

Martinez then appealed to this Court, asserting first that her indictment was deficient because it did not allege she subjectively intended to convey a threat to injure others, and second that § 875(c) was unconstitutionally overbroad if it did not require subjective intent. *Martinez*, 736 F.3d at 984. We rejected both of these arguments and relied on our prior decision in *United States v. Alaboud*, 347 F.3d 1293 (11th Cir. 2003), holding the inquiry for a conviction under § 875(c) is an objective one—specifically, "whether there was sufficient evidence to prove beyond a reasonable doubt that the defendant intentionally made the statement under such circumstances that a reasonable person would construe [it] as a serious expression of an intention to inflict bodily harm," *id.* at 1296-97.

Based on the Supreme Court's holding in *Elonis*, Martinez's indictment is insufficient as it fails to allege an essential element of § 875(c). An indictment

3

must set forth the essential elements of the offense. *United States v. Fern*, 155 F.3d 1318, 1324-25 (11th Cir. 1998). This rule serves the purposes of (1) informing the defendant of the nature and cause of the accusation, as required by the Sixth Amendment; and (2) ensuring a grand jury found probable cause to support all the necessary elements of the crime, as required by the Fifth Amendment. *Id.* at 1325. The indictment fails to allege Martinez's *mens rea* or facts from which her intent can be inferred, with regard to the threatening nature of her e-mail. It alleges only that a reasonable person would regard Martinez's communication as a threat. Martinez's indictment does not meet the Fifth Amendment requirement that the grand jury find probable cause for each of the elements of a violation of § 875(c).

In light of the Supreme Court's holding in *Elonis*, our holdings in *Martinez* and *Alaboud* are overruled. Martinez's conviction and sentence are vacated, and we remand this case to the district court with instructions to dismiss Martinez's indictment without prejudice.[1]

**VACATED AND REMANDED.**

---

[1] After remand, the parties were directed to file supplemental letter briefs addressing how the *Elonis* decision applies to this case. Both parties agreed the case should be remanded to the district court for dismissal of the indictment without prejudice.