[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10079
Non-Argument Calendar
_____

D.C. Docket Nos. 9:16-cv-80862-DMM,
9:14-cr-80009-DMM-1

MARK RICHARD HILLSTROM,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 17, 2019)

Before WILSON, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

Mark Hillstrom appeals the denial of his motion to vacate his sentence under

28 U.S.C. § 2255. After pleading guilty to transmitting a threat in interstate

commerce, 18 U.S.C. § 875(c), Hillstrom now argues that the indictment against him on that charge was insufficient because it did not allege the requisite mens rea. Because we find that any such defect in the indictment was rendered harmless by the facts he admitted when he pleaded guilty, we affirm the denial of relief.

A federal grand jury indicted Hillstrom in 2014 on one count of violating 18 U.S.C. §  875(c)[1] when he "did knowingly and intentionally transmit in interstate commerce a communication over the internet, which communication contained a threat to injure the person of another, specifically 'M.S.'" Hillstrom later pleaded guilty pursuant to a written plea agreement that contained an appeal waiver. He also signed a proffer explaining the factual basis for his guilty plea, stating that he had posted the following entry on JAABlog, "a blog devoted to coverage of the Broward County courts and judiciary":

> Rouge asa will die wrote: by the end of this year a rouque asa will be executed for his abuse of prosecutorial power that hurt my kids and ruined my life. His kids will be spared but he has too much power to be left to his sma minded sick decptions to get convictions and further his career. He will be accompanied by current and former judges who abused their judcial power to destroy good lives and decent people. [M.S.] goes first.

---

[1] "Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both."

2

The proffer further stated that he "knowingly posted the threat, which was a true threat to injure M.S., after years of disagreement with the Broward State Attorney's office, of which M.S. is the head."

During the change-of-plea hearing, the magistrate judge reviewed the plea agreement and appeal waiver; Hillstrom acknowledged that he had read it, signed it, and discussed it with his lawyer. Upon questioning, Hillstrom said he understood the agreement and had not been threatened into accepting it. He agreed that he was pleading guilty of his own free will because he was in fact guilty. He further stated that he had read, signed, and discussed with his lawyer the factual proffer, and that he assented to its factual basis for the plea. The magistrate judge found that Hillstrom entered his plea knowingly and voluntarily, and recommended that the district court accept the guilty plea.

Before the district court, Hillstrom's counsel made no objection to the report and recommendation of the magistrate judge. The district court accepted the recommendation, entered a judgment of conviction, and imposed a sentence of 10 months' imprisonment followed by 3 years' supervised release. Hillstrom later violated the terms of his supervised release and was sentenced to time served and a new period of 24 months' supervised release, which he is currently serving.

Hillstrom did not file a direct criminal appeal. More than a year after his conviction, the U.S. Supreme Court decided *Elonis v. United States*, 135 S. Ct.

3

2001 (2015), which clarified the necessary elements for a conviction under 18 U.S.C. § 875(c). In 2016, Hillstrom moved through appointed counsel to vacate his sentence under 28 U.S.C. § 2255. In that motion, Hillstrom argued that the conduct to which he pleaded guilty is not a crime because, under *Elonis*, the government failed to allege the requisite mens rea in the indictment.

The magistrate judge found that *Elonis* applied retroactively, but that Hillstrom's guilty plea was nonetheless valid because he "admitted to facts demonstrating that he knowingly transmitted a threatening communication and specifically intended for such communication to be a threat as required under § 875(c)." After Hillstrom filed objections, the district court agreed with the magistrate judge, adding that any claim for relief based on an insufficient factual basis for the plea was procedurally barred by Hillstrom's failure to file a direct appeal. The court denied the § 2255 motion and denied a certificate of appealability. Hillstrom appealed, and a judge of this Court granted a certificate of appealability on "[w]hether, under 28 U.S.C. § 2255, Hillstrom is entitled to vacate his guilty plea, for a violation of 18 U.S.C. § 875(c), pursuant to *Elonis*." We now consider that question.

When evaluating the denial of a § 2255 motion, we review legal conclusions de novo and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). A prisoner filing his first § 2255 motion is entitled to relief

4

if he establishes that his conviction or sentence was imposed in violation of the Constitution or laws of the United States, so long as that motion is not untimely or otherwise procedurally barred. 28 U.S.C. § 2255(a), (f). Hillstrom argues that his indictment was constitutionally insufficient under *Elonis* because it failed to allege that he subjectively knew his communication contained a threat.[2] The problem for Hillstrom, however, is that any *Elonis* error in his indictment was rendered harmless by the factual proffer that accompanied his guilty plea.

In *Elonis*, the Supreme Court instructed that, although the text of § 875(c) does not specify any particular mental state, we must read a mens rea requirement into the statute in order to avoid criminalizing otherwise innocent conduct. 135 S. Ct. at 2008, 2010. Thus, a conviction under § 875(c) requires proof that the defendant knew that his communication contained a threat. *Id.* at 2011. Accordingly, a § 875(c) indictment that fails to allege the defendant's mens rea or facts from which his intent may be inferred is constitutionally insufficient. *United States v. Martinez*, 800 F.3d 1293, 1295 (11th Cir. 2015) (applying *Elonis* on direct appeal when the defendant had preserved the issue in the district court).

We assume, but do not decide, that the new rule announced in *Elonis* is retroactive to convictions that are already final because it appears to be the kind of

---

[2] Before *Elonis*, our Circuit had required only objective intent under § 875(c): that "a reasonable person would construe [the communication] as a serious expression of an intention to inflict bodily harm." *United States v. Alaboud*, 347 F.3d 1293, 1297 (11th Cir. 2003) (quoting *United States v. Callahan*, 702 F.2d 964, 965 (11th Cir. 1983)).

5

substantive rule that "narrow[s] the scope of a criminal statute by interpreting its terms." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). We further assume that Hillstrom had cause for procedurally defaulting this claim, given that our precedent would have barred him from asserting it on direct appeal, in light of his guilty plea and appeal waiver. *See United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014) (explaining that an unconditional guilty plea waives all non-jurisdictional defects in an indictment, including the omission of a mens rea element); *but see Bousley v. United States*, 523 U.S. 614, 622–23 (1998) (explaining that failure to raise a then-futile legal argument on direct review does not establish cause for a procedural default). Further, we assume that there actually was an *Elonis* problem with Hillstrom's indictment.

Even with the benefit of all of these assumptions, Hillstrom is not entitled to vacatur under § 2255 because any error was harmless in light of the conduct he admitted in his factual proffer. That statement, signed and sworn, averred that Hillstrom "knowingly posted the threat." To the extent the indictment failed to allege that Hillstrom subjectively knew that his communication contained a threat, *see Elonis*, 135 S. Ct. at 2011, the proffer supplies the factual basis for inferring that scienter. *See Martinez*, 800 F.3d at 1295. In characterizing the interstate communication he knowingly posted as a "threat," Hillstrom freely and voluntarily admitted all of the elements of the offense under § 875(c). Any error in his

6

indictment was therefore harmless. To put it another way, Hillstrom has not established that he suffered any actual prejudice from the error, nor has he argued that he is actually innocent of the charge. *See Bousley*, 523 U.S. at 622. The denial of Hillstrom's § 2255 motion is therefore

**AFFIRMED.**