[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10916
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00208-WS-N-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MATTHEW JOSHUA GREEN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(January 9, 2020)

Before WILLIAM PRYOR, MARTIN, and GRANT, Circuit Judges.

PER CURIAM:

Matthew Green appeals his 96-month prison sentence after pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Green argues on appeal that (1) the district court erred in enhancing his sentence for reckless endangerment during flight pursuant to United States Sentencing Guideline § 3C1.2, and (2) that his conviction should be vacated in light of the Supreme Court's decision in Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019). After careful consideration, we affirm Green's conviction and sentence.

## I.

On April 14, 2018, while driving on Interstate 10 in Baldwin County, Alabama, Green was stopped for a traffic infraction by Baldwin County Sheriff's Deputy Joseph Stabler. When Stabler approached the vehicle, Green was speaking on the telephone and would not end his phone call. Stabler smelled an odor of marijuana, and observed, in plain view, loose marijuana. From Green's passenger window, Stabler asked Green to end his phone conversation and get out of the vehicle, but Green initially failed to comply. When Green finally got out of the vehicle, he and Stabler engaged in a "short tussle" on the vehicle's driver's side, which was adjacent to highway traffic. After handcuffing Green, Stabler searched

2

the car and uncovered a handgun. Green was charged with illegal firearm possession by a felon in violation of 18 U.S.C. § 922(g)(1).

In its presentence investigation report ("PSR"), the probation office found Green had several prior criminal convictions. As relevant here, Green was convicted of (1) aggravated battery with intent to cause great bodily harm in 2011, for which he was sentenced to three-years imprisonment; (2) vehicular homicide and receiving stolen property in 2013, for which he received one 16-month suspended sentence and one 16-month sentence with 164 days of time-served credit; and (3) felony obstruction of an officer and possession of cocaine in 2016, for which he was sentenced to six-months imprisonment and probation. The indictment listed Green's 2013 and 2016 convictions as predicates for his § 922(g)(1) charge, but not his 2011 conviction.

In calculating Green's advisory guideline range, the probation office applied a two-level sentencing enhancement under USSG § 3C1.2, for "recklessly creat[ing] a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The PSR stated that during the arrest, Green "made attempts to push Deputy Stabler into oncoming traffic." Green objected to the PSR's factual finding that he tried to push Deputy Stabler into traffic, and its application of the two-level enhancement under USSG § 3C1.2.

3

At sentencing, the government called Stabler to testify and introduced into evidence six photographs extracted from his dash-mounted video camera. Stabler testified that because of Green's noncompliance with his orders to exit the vehicle, he attempted to handcuff Green once he finally got out of the vehicle on the driver side. Stabler testified that Green resisted, so Stabler pinned him to the vehicle with his body. At this point, Green began waiving his arms at passing traffic and yelling "help" and "I'm not resisting." Stabler acknowledged that he likely weighed twice as much as Green, but claimed he could feel Green "pushing off the vehicle, into traffic."

Green's counsel argued that application of the enhancement in USSG § 3C1.2 was inappropriate because Green "wasn't resisting arrest" and "wasn't [engaging in] flight." He noted that Green was yelling for help out of fear of being mistreated by Stabler and that he had "no intention to harm the officer or anyone else." The district court denied Green's objection, finding that he "created an extremely dangerous situation" by resisting arrest on the shoulder of a highway, placing himself and Stabler at risk of being struck by incoming traffic. The district court added that Green, as someone who had previously been arrested, should have "know[n] the drill" and cooperated by moving to a safer location. The Court then adopted the PSR in full and concluded that Green's advisory guidelines range was 92 to 115 months.

4

Green's counsel requested the court impose a five-year sentence, citing Green's difficult upbringing, mental health problems, and drug addiction to justify leniency. The government recommended a sentence at the high end of the guideline range, citing Green's criminal history.

The district court explained that making its sentencing decision, it would have to consider the sentencing factors set forth in 18 U.S.C. § 3553(a), and determine "whether a sentence within the guidelines will satisfy the sentencing objectives" of § 3553(a). The district court then stated:

> What stands out to me about this case is that, notwithstanding your statements to me today about your medical conditions and your motives and intent, you were traveling on an interstate highway with a quantity of illegal substances and a firearm, a firearm that you, because of your criminal history, were not allowed to possess and, in fact, your criminal history is the reason we have that statute. People who use guns to shoot other people should never come close to owning or possessing a firearm, ever. And so the statute is written especially for you, to prevent people who have those kinds of convictions from ever possessing a firearm. The statute is broader than that, and your other felony convictions would also disqualify you from ever possessing a firearm. But more importantly, your conviction for aggravated battery is certainly a qualifying conviction.

The district court further found that Green's difficult upbringing and personal history did not entitle him to a below-guidelines sentence, particularly in light of his criminal history. The district court sentenced Green to 96-months imprisonment.

5

The government asked the district court to consider making a statement under United States v. Keene, 470 F.3d 1347 (11th Cir. 2006), and the court agreed:

> Yes, I think that's appropriate.  The sentence of 96 months is what I consider to be a section 3553(a) sentence and it takes into account all of the sentencing factors and objectives and it's the sentence I would impose regardless of the objections or the rulings thereto.

Green then objected to the sentence as "unreasonable and greater than necessary in light of the 3553(a) factors."  Green also suggested that the district court's Keene statement was inappropriate "because the guidelines are the starting point and usually the ending point of sentencing."  The district court responded:

> I impose the sentence of eight years in this case because I believe that's the sentence that ought to be imposed in this case, based on all the factors considered.  So your statement is well taken.  I accept your statement for what it is.  But the sentence is the sentence I would impose, regardless of my rulings today.

Green filed a timely notice of appeal, and this appeal followed.

Green raises two arguments before us.  First, Green argues the district court erred in applying the USSG § 3C1.2 enhancement because his actions did not occur "in the course of fleeing from a law enforcement officer," as required under the text of the enhancement.  According to Green, that error was not rendered harmless under Keene by the district court's "barebones" statement, and even if it was, recent Supreme Court precedent requires this Court to overturn Keene.  Second, he argues his conviction is not valid in light of the Supreme Court's

6

decision in Rehaif, which held that in prosecutions under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the government must prove the defendant knew he was prohibited from possessing a firearm.  139 S. Ct. at 2194.  Green claims that, because his indictment and plea colloquy omitted this element, his conviction must be vacated.

## II.

In Keene, this Court held that it need not decide a contested guideline issue on appeal where the district court clearly stated on the record that it would have imposed "exactly the same sentence" under 18 U.S.C. § 3553(a), regardless of any error in its guideline calculation.  470 F.3d at 1350.  If a district court makes a statement to this effect, any error in calculating a defendant's guideline range is harmless so long as the sentence imposed is substantively reasonable under § 3553(a).  See id.

Green does not argue that his sentence was substantively unreasonable.[1] Instead, he attacks the district court's pronouncement as a "barebones statement" that was "insufficient to render the guidelines calculation error harmless" under Keene.  Relying on the Supreme Court's decision in Molina-Martinez v. United States, 578 U.S. ___, 136 S. Ct. 1338 (2016), Green argues that a Keene statement can only render a potential Guidelines calculation error harmless if the district

---

[1] Green has thus waived any such argument.  See Keene, 470 F.3d at 1350 ("[T]he burden is on the defendant to prove that his sentence is unreasonable in light of the record and § 3553(a).").

court "make[s] it clear that the judge based the sentence . . . on factors independent of the Guidelines." Id. at 1347.

Even assuming that Molina-Martinez requires sentencing judges to state factors independent of the Guidelines, this district court satisfied that requirement. When the district court sentenced Green, it said it was required to consider the sentencing factors set forth in § 3553(a). The court then reviewed Green's personal history and prior criminal convictions. In explaining its sentence, the court specifically cited Green's conviction for aggravated battery, which involved the use of a gun, and Green's recent and rapid accumulation of felony convictions. These factors would have independently supported Green's sentence under § 3553(a). See 18 U.S.C. § 3553(a)(1) (courts must consider a defendant's "history and characteristics"); id. § 3553(a)(2)(A) (courts must consider the need for a sentence to "promote respect for the law"). Thus, the district court made clear that Green's sentence was based on factors independent of the Guidelines.

Green alternatively argues that Keene was abrogated by the Supreme Court's decisions in Molina-Martinez and Rosales-Mireles v. United States, 585 U.S. ___, 138 S. Ct. 1897 (2018), which recognized that unpreserved Guidelines errors ordinarily warrant relief under plain error review, 136 S. Ct. at 1345; 138 S. Ct. at 1911. However, Molina-Martinez and Rosales-Mireles addressed unpreserved errors. Id. Keene articulates a doctrine relative to preserved errors.

8

This distinction is significant, because in <u>Molina-Martinez</u> and <u>Rosales-Mireles</u>, the district courts had no chance to state whether they would have imposed the same sentence regardless of the error. Thus, in <u>Molina-Martinez</u> and <u>Rosales-Mireles</u> there was uncertainty about whether the outcome would have been different with a correct Guideline calculation. 136 S. Ct. at 1345; 138 S. Ct. at 1911. By contrast, when the error is preserved, as in <u>Keene</u>, the district court is aware of the dispute about the Guideline application, and has the chance to determine in the first instance that the sentence is proper regardless of any error. 470 F.3d at 1349. This renders any error harmless. <u>Id.</u> <u>Molina-Martinez</u> expressly distinguished situations in which "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." 136 S. Ct. at 1346. We cannot therefore say that <u>Molina-Martinez</u> and <u>Rosales-Mireles</u> "undermined [<u>Keene</u>] to the point of abrogation." <u>United States v. Sneed</u>, 600 F.3d 1326, 1332 (11th Cir. 2010).

In sentencing Green, the district court made a valid statement under <u>Keene</u>. <u>Keene</u> is binding precedent, so we hold that any complained-of defect in the district court's sentencing calculation constitutes harmless error. Thus we need not and do not decide whether the district court erroneously applied the enhancement under U.S.S.G. § 3C1.2.

9

**III.**

Green also asks us to vacate his sentence in light of the Supreme Court's decision in Rehaif v. United States, 588 U.S. __, 139 S. Ct. 2191 (2019). He argues that because Rehaif now requires that a defendant had knowledge of his felon status at the time of the offense, the omission of this element from the indictment and plea colloquy constitutes plain error. This argument fails.[2]

As an initial matter, Green has waived his challenge to the indictment. He is correct that an indictment is defective if it fails to set forth an essential element of an offense. United States v. Martinez, 800 F.3d 1293, 1295 (11th Cir. 2015). However, a guilty plea waives all non-jurisdictional defects that occurred before entry of the plea. See United States v. Brown, 752 F.3d 1344, 1347 (11th Cir. 2014). This includes an omission of a mens rea element from an indictment. Id. Because Green's challenge is limited to the indictment's failure to charge knowledge under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), he waived any such challenge by pleading guilty. Id.

---

[2] Four days after Green filed his opening brief, the Supreme Court published its decision in Rehaif. The government then took the unusual step of addressing Rehaif in its response brief, and Green subsequently challenged his conviction on Rehaif grounds in his reply brief. While we ordinarily refuse to address issues not raised in an initial brief, we may review an issue first raised by an appellee if the appellant addresses that same issue, without objection, in its reply brief. See United States v. Dacus, 408 F.3d 686, 687 (11th Cir. 2005). Though the Rehaif issue was raised for the first time in the government's response brief, Green addressed it at length in his reply brief. He also did not clearly object to our consideration of the issue. We therefore address whether Rehaif requires us to vacate Green's conviction.

Because no <u>Rehaif</u> claim was preserved in the district court, we review

Green's challenge to his guilty plea for plain error.  <u>See</u> <u>Henderson v. United</u>

<u>States</u>, 568 U.S. 266, 272, 133 S. Ct. 1121, 1126 (2013).  To obtain relief under

plain error review, Green must establish that (1) an error occurred; (2) the error

was plain; (3) the error affected his substantial rights; and (4) the error seriously

affected the fairness of the judicial proceedings.  <u>United States v. Gresham</u>, 325

F.3d 1262, 1265 (11th Cir. 2003).  Green pled guilty, so he cannot prove that his

substantial rights were affected unless he shows a reasonable probability that, but

for the error, he would not have entered the plea.  <u>United States v. Dominguez</u>

<u>Benitez</u>, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).  When determining

whether an error affected a defendant's substantial rights, we "may consult the

whole record."  <u>United States v. Vonn</u>, 535 U.S. 55, 59, 122 S.Ct. 1043, 1046

(2002).

Both parties agree that plain error occurred when Green's plea colloquy

failed to establish that he knew he had been convicted of a crime punishable by

imprisonment for a term exceeding one year, <u>Rehaif</u>, 139 S. Ct. at 2198.  This

satisfies the first two prongs of the test.  However, Green cannot show that this

error affected his substantial rights.  According to the undisputed facts of the PSR,

Green had several felony convictions before his current offense, including a 2011

conviction for aggravated battery that resulted in a three-year term of

11

imprisonment.  The fact that Green had been convicted of multiple felonies and served a three-year prison sentence for one indicates that he knew he was a convicted felon.  See United States v. Reed, 941 F.3d 1018, 1022 (11th Cir. 2019).

Green argues that, when consulting the record to determine whether he was substantially prejudiced, we should not consider sentences for convictions that were not charged in the indictment as bases for his § 922(g)(1) offense.  Even if we were to limit our review in this way, Green cannot show a reasonable probability of a different result.  The indictment listed his 2016 convictions for obstruction of an officer and possession of cocaine, and his 2013 convictions for aggravated vehicular homicide and receiving stolen property.  The PSR establishes that he received a six-month prison sentence for his 2016 convictions, and a 16-month prison sentence, with 164 days of time-served credit, for his 2013 convictions.  Even if we were to assume some confusion as to whether his 2016 convictions were punishable by over one year in prison, the same cannot be said of his 2013 convictions.  He received a 16-month prison sentence for those crimes.

This record supports a finding that Green was aware of his felon status when he possessed the firearm.  There is thus no reason to believe he would have proceeded to trial absent the district court's plain error.  Green having failed to establish plain error on this issue, we affirm.

12

## IV.

We **AFFIRM** Green's conviction and sentence.