[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10454
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00020-LAG-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISIAH PRICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 23, 2020)

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Isiah Price appeals his conviction and 48-month prison sentence for possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Price first argues that his conviction should be vacated because the indictment failed to allege, and the district court failed to ascertain when accepting his guilty plea, his knowledge of his status as a convicted felon, as required by *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019).  Second, Price argues that his sentence should be vacated because the district court erred in calculating his Sentencing Guidelines range based on a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A).  After careful review, we affirm.

## I.

In May 2018, a federal grand jury returned an indictment alleging that "Price, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, . . . , in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)." Price later pled guilty to that offense without a plea agreement.

At the change-of-plea hearing in August 2018, the district court conducted the plea colloquy required by Rule 11, Fed. R. Crim. P.  At the court's request, the government explained the elements of the offense as follows:

> The elements of possession of a firearm by a convicted felon are, one, that the defendant knowingly possessed a firearm in or affecting interstate or foreign commerce and, two, that before possessing the

2

firearm, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for more than one year.

Price advised that he understood those elements.  Then, in response to the court's questions, Price affirmed that he had possessed the handgun at issue and that he had been convicted of a felony prior to possessing it.  The district court accepted Price's guilty plea as knowingly and voluntarily made.

Price's presentence investigation report ("PSR") recommended a guideline range of 57 to 71 months of imprisonment.  According to the PSR, the base offense level was 20 under U.S.S.G. § 2K2.1(a)(4)(A) because Price committed the instant offense after sustaining a felony conviction for a crime of violence, namely, Georgia felony obstruction of an officer.[1]  After an enhancement for possessing the firearm in connection with another felony offense and a reduction for acceptance of responsibility, Price's total offense level was 21.

The PSR also recounted Price's criminal history, which placed him in category IV.  According to the PSR, in January 2010, Price was convicted of disorderly conduct and ordered to pay a $300 fine.  In February 2010, Price was convicted of several offenses, the most serious of which was theft by taking, for which he received a sentence of 10 years of probation and 90 to 180 days in a detention center.  In July 2010, Price was convicted of felony possession of

---

[1] The PSR mistakenly describes this offense as a "controlled substance offense" rather than a "crime of violence," but this drafting error is immaterial.

marijuana, felony obstruction of an officer, and misdemeanor obstruction of an officer. He received concurrent sentences of probation, with the longest term being 10 years, and was ordered to spend 90 to 120 days in a detention center. Then, in January 2016, Price was convicted of driving under the influence and sentenced to 24 hours in jail and 12 months of probation.

Price argued in objections to the PSR and at sentencing that the base offense level should have been 14 under U.S.S.G. § 2K2.1(a)(6). He maintained that the felony obstruction-of-an-officer offense did not count as a prior conviction because he received a diversionary sentence with no adjudication of guilt after pleading guilty under Georgia's First Offender statute.

The district court overruled Price's objections, concluding that the offense counted under the Guidelines because it involved an admission of guilt in open court, and adopted the PSR as written. The court then asked the parties for their views on an appropriate sentence. The government requested a sentence within the guideline range, while Price argued for a sentence below that range. Price personally addressed the court, stating that he "accept[ed] full responsibility for possessing a firearm" and that "[he] knew better than to carry a firearm." The court varied downward from the guideline range and sentenced Price to 48 months in prison.

## II.

After Price filed this appeal, but before it was briefed, the Supreme Court decided *Rehaif*, which concerned what *mens rea* the government must prove in prosecutions under §§ 922(g) and 924(a)(2). 139 S. Ct. 2191 (2019). Section 922(g) makes it unlawful for certain categories of persons to possess a firearm, including individuals who have previously been convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. §§ 922(g)(1). Section § 922(g) is violated when the following elements are present: (1) a status element (being in the relevant category of barred persons—here, having a prior felony conviction); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element ("firearm or ammunition"). *Rehaif*, 139 S. Ct. at 2195–96. Section 924(a)(2) adds that anyone who "knowingly violates" § 922(g) shall be fined or imprisoned for up to 10 years. 18 U.S.C. § 924(a)(2).

The issue in *Rehaif* was whether "knowingly" applies not only to the possession and firearm elements but also to the status element. *Rehaif*, 139 S. Ct. at 2194. In this Circuit before *Rehaif*, as in other circuits, the government was not required to prove that the defendant knew he had the relevant status when he possessed the firearm. *See id.* at 2195; *e.g.*, *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008). The Supreme Court rejected this construction of the statute and held that "knowingly" applies to the status element as well. *Rehaif*, 139 S. Ct.

5

at 2195–97.  Accordingly, in a prosecution under §§ 922(g) and 924(a)(2), "the [g]overnment must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.  Thus, as applied here, the government was required to prove that Price knew he had the relevant status—that he "has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year," § 922(g)(1)—when he possessed the firearm.  *See id.* at 2194.

In light of *Rehaif*, Price contends that his indictment is jurisdictionally defective and that his guilty plea must be vacated as unknowing and involuntary.  Price also challenges his sentence, arguing that his felony obstruction offense does not count as a prior "conviction" under U.S.S.G. § 2K2.1(a)(4)(A) because he received a diversionary sentence under Georgia's First Offender statute.

## III.

We begin with Price's attack on the indictment.  Price argues that the indictment, by omitting the knowledge-of-status element required by *Rehaif*, violated his Fifth Amendment right to be charged based on a grand-jury finding of probable cause and his Sixth Amendment right to fair notice of that element.

"An indictment must set forth the essential elements of the offense." *United States v. Martinez*, 800 F.3d 1293, 1295 (11th Cir. 2015) (concluding that an indictment was "fatally deficient" because it failed to allege a *mens rea* element).

6

Price is correct that his indictment is defective because it fails to set forth an essential element of a § 922(g)(1) offense: that at the time of possession he knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. *See Rehaif*, 139 S. Ct. at 2200.

But a guilty plea waives all non-jurisdictional defects that occurred before entry of the plea. *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). And we recently held that the same *Rehaif* error of which Price complains is a non-jurisdictional defect that is waived by a guilty plea. *United States v. Bates*, 960 F.3d 1278, 1295 (11th Cir. 2020); *United States v. Moore*, 954 F.3d 1322, 1336–37 (11th Cir. 2020). Because Price's challenge is limited to the indictment's failure to charge knowledge under §§ 922(g)(1) and 924(a)(2), he waived any such challenge by pleading guilty—assuming, of course, that his guilty plea is valid. *See Bates*, 960 F.3d at 1295–96 ("[A] guilty plea does not waive all challenges to the plea itself, and a defendant can still attack the "the voluntary and knowing nature of the plea." (quotation marks omitted)). We turn to that issue now.

## IV.

Price maintains that his guilty plea violated due process because it was involuntary. It was involuntary, in Price's view, because he did not know at the time he entered his plea an essential element of the offense to which he pled guilty. He contends that this error is structural in nature "because it violates not only the

7

fundamental rights waived, but the defendant's overarching right to autonomy, in deciding whether to plead guilty or go to trial." Even if the error is not deemed "structural," according to Price, it caused him prejudice—regardless of whether he would have entered a guilty plea had he known of the *Rehaif* element—because he was deprived of the opportunity to investigate the government's evidence of that element, to negotiate regarding that element, or to put the element to the jury.

Despite Price's claim that *Rehaif* error is structural, we have consistently reviewed *Rehaif* arguments raised for the first time on appeal for plain error, including in the guilty-plea context. *See Bates*, 960 F.3d at 1296 ("Because Bates did not raise an objection [to the validity of his guilty plea based on *Rehaif*] below, we review for plain error.") *United States v. McLellan*, 958 F.3d 1110, 1118–20 (11th Cir. 2020) (reviewing a *Rehaif*-based challenge to the validity of a guilty plea for plain error); *Moore*, 954 F.3d at 1337–38 (reviewing a claim of *Rehaif* error for plain error following a jury trial); *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019) (same). Because Price raised his challenge to the validity of his guilty plea for the first time on appeal, we review for plain error. *See Bates*, 860 F.3d at 1296; *McLellan*, 958 F.3d at 1120.

"To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). If all three conditions are met, we may choose to

correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* The first two requirements are met here because, under *Rehaif*, the district court's failure to inquire into Price's knowledge of his status was an obvious error. *See Rehaif*, 139 S. Ct. at 2194, 2200; *United States v. Bane*, 720 F.3d 818, 830 (11th Cir. 2013) ("The relevant time period for assessing whether an error is plain is at the time of appellate consideration." (quotation marks omitted)).

For the third prong of plain-error review, the defendant ordinarily must show a reasonable probability that, absent the error, the outcome of the proceeding would have been different. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). In the guilty-plea context, that means showing "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). When determining whether an error affected a defendant's substantial rights, we "may consult the whole record." *United States v. Vonn*, 535 U.S. 55, 59 (2002).

Price's argument that the ordinary burden on the third prong does not apply— that is, that he need not prove a reasonable probability of a different result—is foreclosed by our recent decisions in *Bates* and *McLellan*. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." (quotation marks omitted)). Like Price, the

9

defendants in these cases argued that their guilty pleas were not knowing or voluntary because the indictment and plea colloquy omitted the knowledge-of-status element required by *Rehaif*. *See Bates*, 960 F.3d at 1296; *McLellan*, 958 F.3d at 1120. In each case, we held that the defendant, to obtain relief on appeal, must "show a reasonable probability that, but for the error, he would not have entered the plea." *Bates*, 960 F.3d at 1296 (quotation marks omitted); *McLellan*, 958 F.3d at 1120 ("McLellan cannot demonstrate a reasonable probability that, but for the error, he would not have entered the plea." (quotation marks omitted)). Based on this standard, we concluded that the defendants had failed to prove that the omission of the knowledge-of-status element affected their substantial rights and so affirmed their convictions. *See id.*

Here, Price has not established, or even attempted to establish, that he would not have pled guilty had he known of *Rehaif* before pleading guilty. The record is largely, though not entirely, silent as to Price's knowledge that he belonged to a category of persons that is prohibited from possessing a firearm. In the main, Price's prior crimes resulted in probationary sentences or short stays in a detention center or jail, so we cannot infer his knowledge from the sentences he received. *See Rehaif*, 139 S. Ct. at 2198 (noting that a defendant who is sentenced "only to probation" may "not know that the crime is '*punishable* by imprisonment for a term exceeding one year'" (quoting 18 U.S.C. § 922(g)(1)) (emphasis in *Rehaif*)).

10

But other evidence in the record indicates that Price had prior knowledge of his status as a felon. During the plea colloquy, Price admitted that he had been convicted of a felony before possessing the firearm. Then, at sentencing, he stated that he "accept[ed] full responsibility for possessing a firearm" and that "[he] knew better than to carry a firearm." Those comments reflect an admission that he knew he was prohibited from possessing a firearm at the time he possessed it, and he does not assert on appeal that he was unaware of his qualifying status. *See Bates*, 960 F.3d at 1296 ("Bates does not assert that he was unaware of his qualifying status."). Price also concedes that, although he was not informed of the *Rehaif* element, his plea colloquy otherwise conformed to Fed. R. Crim. P. 11. On this record, Price has not demonstrated a reasonable probability that, had he been properly advised of what we now know are the elements of the offense, he would not have entered the plea. *See Bates*, 960 F.3d at 1296; *McLellan*, 958 F.3d at 1120. We therefore affirm his conviction.

## V.

Finally, we consider Price's challenge to the calculation of his base offense level under U.S.S.G. § 2K2.1(a)(4)(A). He contends that his prior crime of obstruction of an officer never resulted in a "conviction" because he received a diversionary sentence under Georgia's First Offender statute.

11

We review the district court's application of the Sentencing Guidelines *de novo*. *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). We review *de novo* whether a prior conviction qualifies as a predicate offense under the Guidelines for purposes of applying U.S.S.G. § 2K2.1(a)(4)(A). *See, e.g.*, *United States v. Harris*, 586 F.3d 1283, 1284 (11th Cir. 2009).

Under the Sentencing Guidelines, a defendant's base offense level is 20 for a violation of 18 U.S.C. § 922(g)(1) if he committed the instant offense after sustaining one felony conviction for a crime of violence or controlled substance offense. U.S.S.G. § 2K2.1(a)(4)(A). According to the commentary to § 2K2.1, courts applying § 2K2.1(a)(4) should "use only those felony convictions that receive criminal history points under § 4A1.1(a), (b), or (c)." *Id.* § 2K2.1 cmt. n.10. With regard to the calculation of criminal history points, "[a] diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted." *Id.* § 4A1.2(f).

Here, the district court did not err by determining that Price's guilty plea to Georgia obstruction of an officer by offering or doing violence was a predicate "conviction" for purposes of § 2K2.1(a)(4)(A). In *United States v. Fernandez*, we held that a *nolo contendere* plea without an adjudication of guilt qualifies as a

12

conviction for purposes of § 2K2.1(a)(2). 234 F.3d 1345, 1346–48 (11th Cir. 2000). Based on § 4A1.2(f) and the commentary to § 2K2.1, we reasoned that "if a prior conviction results in a criminal history point under section 4A1.1, then the conviction is to be considered a conviction under section 2K2.1(a)(2) as well." *Id.* at 1346–47. By this same logic, a diversionary disposition involving a guilty plea without an adjudication of guilt also qualifies as a conviction for purposes of § 2K2.1(a)(4)(A). *See id.*

Price maintains that *Fernandez* was wrongly decided, but he acknowledges that it is binding on us here and seeks to preserve the issue for possible further review. *See Vega-Castillo*, 540 F.3d at 1236. And he does not dispute that the district court properly counted the obstruction offense when calculating his criminal-history category or that felony obstruction of an officer in Georgia is a crime of violence. *See United States v. Brown*, 805 F.3d 1325 (11th Cir. 2015) (holding that the Georgia crime of felony obstruction is a violent felony under the Armed Career Criminal Act). The district court therefore properly counted his guilty plea to the Georgia crime of felony obstruction as a prior "conviction" for a crime of violence under § 2K2.1(a)(4)(A).

## VI.

In sum, and for the reasons stated, we affirm Price's conviction and sentence.

**AFFIRMED.**

13