[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15045
Non-Argument Calendar

_____

D.C. Docket No. 5:18-cr-00033-TES-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA SCOTT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 23, 2020)

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Joshua Scott appeals his conviction and 63-month prison sentence for possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Scott argues that his conviction should be vacated because the indictment failed to allege, and the district court failed to ascertain when accepting his guilty plea, his knowledge of his status as a convicted felon, as required by *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019). After careful review, we affirm.

## I.

In April 2018, a federal grand jury returned an indictment alleging that "Scott, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce, a firearm . . . , in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)." Scott later pled guilty to that offense under a written plea agreement. According to a factual stipulation in the plea agreement, Scott was found in possession of a Mossberg 12-gauge pump shotgun in February 2017. During an interview with a federal agent in January 2018, Scott admitted to possessing the weapon for protection and admitted that he had a prior felony conviction.

At the change-of-plea hearing in August 2018, the district court conducted the plea colloquy required by Rule 11, Fed. R. Crim. P. At the court's request, the government explained the elements of the offense as follows:

2

> Number one, that the Defendant knowingly possessed the firearm. Number two, at the time he possessed the firearm the Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. Third, and finally, that the possession of the firearm was in or affecting commerce.

In response to the court's questions, Scott advised that he understood those elements and affirmed the plea agreement's recitation of the facts of his offense. The district court accepted Scott's guilty plea as knowingly and voluntarily made.

Scott's presentence investigation report ("PSR") recommended a guideline range of 70 to 87 months of imprisonment based on a total offense level of 23 and a criminal history category of IV. Scott's criminal history, according to the PSR, included a conviction for robbery by force, for which he was sentenced to serve eight years in prison. Scott served at least five years for this offense.

At Scott's sentencing in January 2019, the district court adopted the PSR over Scott's objection, which is not relevant to this appeal. Scott asked for a sentence below the guideline range, while the government asked for a sentence within that range. Scott personally addressed the court, accepting responsibility for his actions but also asserting that he was "a victim of circumstance" in part due to "being a convicted felon" and an associated lack of resources, rehabilitation services, and opportunity. After a thoughtful discussion with the defendant, the court imposed a sentence of 63 months in prison. This appeal followed.

**II.**

3

After Scott filed this appeal, but before it was briefed, the Supreme Court decided *Rehaif*, which concerned what *mens rea* the government must prove in prosecutions under §§ 922(g) and 924(a)(2). 139 S. Ct. 2191 (2019). Section 922(g) makes it unlawful for certain categories of persons to possess a firearm, including those who have previously been convicted of a felony. 18 U.S.C. §§ 922(g). Section § 922(g) is violated when the following elements are present: (1) a status element (being in the relevant category of barred persons—here, having a prior felony conviction); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element ("firearm or ammunition"). *Rehaif*, 139 S. Ct. at 2195–96. Section 924(a)(2) adds that anyone who "knowingly violates" § 922(g) shall be fined or imprisoned for up to 10 years. 18 U.S.C. § 924(a)(2).

The issue in *Rehaif* was whether "knowingly" applies not only to the possession and firearm elements but also to the status element. *Rehaif*, 139 S. Ct. at 2194. In this Circuit before *Rehaif*, as in other circuits, the government was not required to prove that the defendant knew he had the relevant status when he possessed the firearm. *See id.* at 2195; *e.g.*, *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008). The Supreme Court rejected this construction of the statute and held that "knowingly" applies to the status element as well. *Rehaif*, 139 S. Ct. at 2195–97. Accordingly, in a prosecution under §§ 922(g) and 924(a)(2), "the

4

[g]overnment must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. Thus, as applied here, the government was required to prove that Scott knew he had the relevant status—that he "has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year," § 922(g)(1)—when he possessed the firearm. *See id.* at 2194.

In light of *Rehaif*, Scott contends that his indictment is jurisdictionally defective and that his guilty plea must be vacated as unknowing and involuntary.

### III.

We begin with Scott's attack on the indictment. Scott argues that the indictment, by omitting the knowledge-of-status element required by *Rehaif*, violated his Fifth Amendment right to be charged based on a grand-jury finding of probable cause and his Sixth Amendment right to fair notice of that element.

"An indictment must set forth the essential elements of the offense." *United States v. Martinez*, 800 F.3d 1293, 1295 (11th Cir. 2015) (concluding that an indictment was "fatally deficient" because it failed to allege a *mens rea* element). Scott is correct that his indictment is defective because it fails to set forth an essential element of a § 922(g)(1) offense: that at the time of possession he knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. *See Rehaif*, 139 S. Ct. at 2200.

But a guilty plea waives all non-jurisdictional defects that occurred before entry of the plea. *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). And we recently held that the same *Rehaif* error of which Scott complains is a non-jurisdictional defect that is waived by a guilty plea. *United States v. Bates*, 960 F.3d 1278, 1295 (11th Cir. 2020); *United States v. Moore*, 954 F.3d 1322, 1336–37 (11th Cir. 2020). Because Scott's challenge is limited to the indictment's failure to charge knowledge under §§ 922(g)(1) and 924(a)(2), he waived any such challenge by pleading guilty—assuming, of course, that his guilty plea is valid. *See Bates*, 960 F.3d at 1295–96 ("[A] guilty plea does not waive all challenges to the plea itself, and a defendant can still attack the "the voluntary and knowing nature of the plea." (quotation marks omitted)). We turn to that issue now.

## IV.

Scott maintains that his guilty plea violated due process because it was involuntary. It was involuntary, in Scott's view, because he did not know at the time he entered his plea an essential element of the offense to which he pled guilty. He contends that this error is structural in nature "because it violates not only the fundamental rights waived, but the defendant's overarching right to autonomy, in deciding whether to plead guilty or go to trial." Even if the error is not deemed "structural," according to Scott, it caused him prejudice—regardless of whether he would have entered a guilty plea had he known of the *Rehaif* element—because he

6

was deprived of the opportunity to investigate the government's evidence of that element, to negotiate regarding that element, or to put the element to the jury.

Despite Scott's claim that *Rehaif* error is structural, we have consistently reviewed *Rehaif* arguments raised for the first time on appeal for plain error, including in the guilty-plea context. *See Bates*, 960 F.3d at 1296 ("Because Bates did not raise an objection [to the validity of his guilty plea based on *Rehaif*] below, we review for plain error.") *United States v. McLellan*, 958 F.3d 1110, 1118–20 (11th Cir. 2020) (reviewing a *Rehaif*-based challenge to the validity of a guilty plea for plain error); *Moore*, 954 F.3d at 1337–38 (reviewing a claim of *Rehaif* error for plain error following a jury trial); *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019) (same). Because Scott raised his challenge to the validity of his guilty plea for the first time on appeal, we review for plain error. *See Bates*, 860 F.3d at 1296; *McLellan*, 958 F.3d at 1120.

"To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). If all three conditions are met, we may choose to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* The first two requirements are met here because, under *Rehaif*, the district court's failure to inquire into Scott's knowledge of his status was an obvious error. *See Rehaif*, 139 S. Ct. at 2194, 2200; *United States v. Bane*, 720

7

F.3d 818, 830 (11th Cir. 2013) ("The relevant time period for assessing whether an error is plain is at the time of appellate consideration." (quotation marks omitted)).

For the third prong of plain-error review, the defendant ordinarily must show a reasonable probability that, absent the error, the outcome of the proceeding would have been different. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). In the guilty-plea context, that means showing "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). When determining whether an error affected a defendant's substantial rights, we "may consult the whole record." *United States v. Vonn*, 535 U.S. 55, 59 (2002).

Scott's argument that the ordinary burden on the third prong does not apply— that is, that he need not prove a reasonable probability of a different result—is foreclosed by our recent decisions in *Bates* and *McLellan*. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." (quotation marks omitted)). Like Scott, the defendants in these cases argued that their guilty pleas were not knowing or voluntary because the indictment and plea colloquy omitted the knowledge-of-status element required by *Rehaif*. *See Bates*, 960 F.3d at 1296; *McLellan*, 958 F.3d at 1120. In each case, we held that the defendant, to obtain relief on appeal, must

8

"show a reasonable probability that, but for the error, he would not have entered the plea." *Bates*, 960 F.3d at 1296 (quotation marks omitted); *McLellan*, 958 F.3d at 1120 ("McLellan cannot demonstrate a reasonable probability that, but for the error, he would not have entered the plea." (quotation marks omitted)).  Based on this standard, we concluded that the defendants had failed to prove that the omission of the knowledge-of-status element affected their substantial rights, so we affirmed their convictions. *See id.*

Here, Scott has not established that he would not have pled guilty had he known of *Rehaif* before pleading guilty.  The record shows that at the time of the offense, Scott knew he had been convicted of a crime punishable by more than a year in prison because he had served more than five years in prison for the felony offense of robbery by force.  Scott also stipulated in the plea agreement that he had admitted to being a felon when interviewed about the offense by a federal agent, and he does not assert on appeal that he was unaware of his qualifying status. *See Bates*, 960 F.3d at 1296 ("Bates does not assert that he was unaware of his qualifying status.").  On this record, Scott has not demonstrated a reasonable probability that, had he been properly advised of what we now know are the elements of the offense, he would not have entered the plea. *See Bates*, 960 F.3d at 1296; *McLellan*, 958 F.3d at 1120.  We therefore affirm his conviction.

**AFFIRMED.**

9