[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10361

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRANDON M. ANDERSON,
a.k.a. Brando,
a.k.a. Doe B,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cr-00033-MCR-1

————————————————

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Brandon Anderson appeals his total sentence of 240 months' imprisonment for conspiracy to distribute and possession with intent to distribute fentanyl, cocaine, and marijuana; possession with intent to distribute fentanyl, cocaine, and marijuana; and prohibited possession of a firearm and ammunition. First, he argues that the district court erroneously applied a three-level sentencing enhancement under U.S.S.G. § 3B1.1(b) for acting as a manager or supervisor. Second, he contends that his 24-month consecutive sentence for violating the conditions of supervised release was procedurally unreasonable because the court failed to consider the 18 U.S.C. § 3553(a) factors, the relevant Sentencing Guidelines policy statement, or justify its reason for imposing a consecutive sentence. Third, he asserts that his 216-month sentence for Counts 1 through 3 was substantively unreasonable because the court did not properly weigh the § 3553(a) factors and created a sentencing disparity between similarly situated defendants.

## I

When reviewing the district court's rulings with respect to Sentencing Guidelines issues, we consider legal issues *de novo* and factual findings for clear error. *See United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). We review the district court's imposition of an aggravating-role enhancement for clear error. *See United States v. Shabazz*, 887 F.3d 1204, 1222 (11th Cir. 2018). Under this deferential standard of clear-error review, we "will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." *United States v. Clarke*, 562 F.3d 1158, 1165 (11th Cir. 2009) (quotation marks omitted). Additionally, we may disregard sentencing errors as harmless if they do not affect a defendant's guideline range or sentence. *See United States v. Brown*, 805 F.3d 1325, 1328 (11th Cir. 2015).

## II

Under U.S.S.G. § 3B1.1(b), a three-level increase for a managerial or supervisory role applies if (1) the defendant was a manager or supervisor, but not an organizer or leader; and (2) the criminal activity involved five or more participants or was otherwise extensive. To qualify for the three-level increase, the defendant is only required to manage or supervise one other participant in the criminal offense. *See United States v. Sosa*, 777 F.3d 1279, 1301 (11th Cir. 2015) (citing § 3B1.1, comment. (n.2)). The enhancement "cannot be based solely on a finding that a defendant managed the assets of a conspiracy, without the defendant also managing or exercising control over another participant." *Id*. (quotation marks

omitted). *See also United States v. Jennings*, 599 F.3d 1241, 1253 (11th Cir. 2010) (explaining that "control over assets alone is insufficient, the [defendant] must have had control over at least one other participant in the criminal activity"). If the defendant does not manage at least one other participant, the enhancement may never apply as a matter of law, even if the sentencing court correctly finds that the criminal scheme was "otherwise extensive." *See United States v. Williams*, 527 F.3d 1235, 1249 (11th Cir. 2008) (quotation marks omitted) (analyzing the district court's determination that a two-level aggravating role enhancement applied).

A defendant can be a manager or supervisor where he arranges criminal transactions or hires others to participate in the criminal conduct, even if he does not have the power to force others to engage in criminal acts. *See United States v. Matthews*, 168 F.3d 1234, 1249-50 (11th Cir. 1999) (stating that the management enhancement is appropriate for a defendant who arranges drug transactions, negotiates sales with others, and hires others to work for the conspiracy); *United States v. LaFraugh*, 893 F.2d 314, 319 (11th Cir. 1990) (concluding that the defendant was a manager or supervisor where he recruited a co-defendant, participated in negotiations, and used his residence as the base of operations).

The district court did not err in applying the three-level enhancement under § 3B1.1(b). Mr. Anderson acted as a manager or supervisor of at least five people when he coordinated drug transactions, fronted and supplied drugs to distributors, and instructed individuals on how to cut drugs to add fentanyl and make more

money.  The court's findings to this effect were not clearly errone-
ous given the phone calls the government presented between Mr.
Anderson and Bradley Salter, Marcus Collins, Frankie Pefford,
Dante Connor, Leon Benjamin, Misty Dunn, and A.K. Mims.  *See*
D.E. 63 at 6-18, 20-21.[1]

### III

We review the reasonableness of a sentence, including one
imposed upon the revocation of supervised release, for an abuse of
discretion.  *See United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir.
2010) (en banc); *United States v. Sweeting*, 437 F.3d 1105, 1106-07
(11th Cir. 2006).  But when a defendant does not object on proce-
dural reasonableness grounds at the time of his sentencing, we re-
view for plain error.  *See United States v. Vandergrift*, 754 F.3d 1303,
1307 (11th Cir. 2014).  "Plain error requires the defendant to show:
(1) an error; (2) that is plain; (3) that affects substantial rights; and
(4) that seriously affects the fairness, integrity, or public reputation
of judicial proceedings."  *United States v. Patterson*, 595 F.3d 1324,
1326 (11th Cir. 2010).  An error is plain if "the legal rule is clearly
established at the time the case is reviewed on direct appeal."
*United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015).  If the
explicit language of a statute or rule does not resolve an issue, plain
error generally lies only where this Court's or the Supreme Court's
precedent directly resolves it.  *See United States v. Moore*, 22 F.4th

---

[1] We note, as well, that the enhancement did not affect Mr. Anderson's advi-
sory guideline range of 262 to 327 months' imprisonment.  *See* D.E. 63 at 21-
22.

1258, 1266 (11th Cir. 2022). Mr. Anderson did not object on procedural resembleness grounds below, so we review for plain error.

When a defendant violates a condition of supervised release, the district court typically has discretion to revoke the term of supervision and "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." 18 U.S.C. § 3583(e)(3). To determine the defendant's sentence following revocation of supervised release, the court must consider the factors set forth in § 3553(a), including the Sentencing Guidelines and the policy statements issued by the Sentencing Commission. *See Sweeting*, 437 F.3d at 1107; 18 U.S.C. § 3553(a); U.S.S.G. § 7B1.4. The primary goal in sentencing a defendant upon revocation of supervised release is to sanction his "breach of trust," not the particular conduct triggering the violation. *See* U.S.S.G. Ch. 7, Pt. A, intro. cmt. 3(b). For that reason, "the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct." *Id.*

Where revocation is mandatory, the district court is not required to consider any of the § 3553(a) factors in imposing a sentence. *See United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000), *abrogated in part on other grounds by Tapia v. United States*, 564 U.S. 319 (2011). *See also* 18 U.S.C. § 3583(g). When a court considers the § 3553(a) factors in fashioning a sentence, "the weight given to each factor is committed to the sound discretion of the court," and the court may attach great weight to one factor over the others

"so long as the sentence is reasonable under the circumstances." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (quotation marks omitted) (addressing the imposition of an original sentence, rather than a sentence imposed upon revocation of supervised release).

Revocation is mandatory when a defendant is found to have possessed a controlled substance during the term of supervision. *See* 18 U.S.C. § 3583(g)(1). Revocation is considered mandatory based on the facts before the district court, even if the court itself does not mention § 3583(g). *See Brown*, 224 F.3d at 1242. The court has discretion to determine the length of imprisonment for a mandatory revocation so long as it does not exceed the maximum allowed under § 3583(e)(3) based on the class of the original offense. *See* 18 U.S.C. § 3583(e)(3), (g). Possession with intent to distribute cocaine is a Class C felony. *See* 18 U.S.C. § 3559(a)(1); 21 U.S.C. § 841(a)(1), (b)(1)(C).

A defendant cannot serve more than two years in prison upon revocation of supervised release when the original offense is a Class C felony. *See* 18 U.S.C. § 3583(e)(3). Controlled-substance offenses are Grade A violations of supervised release. *See* U.S.S.G. § 7B1.1(a)(1). Where a defendant's original criminal history category is IV, the supervised release violation Grade is A, and the original sentence resulted from a Class C felony, the range of imprisonment applicable upon revocation is 24 to 30 months' imprisonment. *See* § 7B1.4(a).

Mr. Anderson's 24-month consecutive sentence for violating his conditions of supervised release was procedurally reasonable, and did not constitute plain error, because it was within the advisory guideline range and applicable statutory maximum sentence. Additionally, though the district court was not required to consider the § 3553(a) factors, the 24-month consecutive sentence was supported by the § 3553(a) factors and consistent with the relevant Sentencing Guidelines policy statement.

## IV

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard considering the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the district court and will "affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes." *Butler*, 39 F.4th at 1355 (quotation marks omitted). Mr. Anderson, as the party challenging the sentence, bears the burden of proving it is unreasonable. See *United States v. Boone*, 97 F.4th 1331, 1338-39 (11th Cir. 2024).

Under § 3553(a), the district court must impose a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant. In addition, the court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of

the defendant, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *See id.* The court imposes a substantively unreasonable sentence "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Butler*, 39 F.4th at 1355 (quotation marks omitted). The court "commits a clear error of judgment when it weighs the § 3553(a) sentencing factors unreasonably." *Id.*

Although the district court is required to consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and the court may attach great weight to one factor over the others. *See id.* We have held that "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015).

The district court does not have to explicitly state on the record that it has considered all the factors or expressly discuss each of them. *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). Moreover, the court's failure to discuss mitigating evidence does not indicate that the court "erroneously 'ignored' or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

One of the purposes of the Sentencing Guidelines is to provide certainty and fairness in sentencing, and "avoiding

unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct." *United States v. Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009) (quotation marks omitted). Thus, "[a] well-founded claim of disparity . . . assumes that apples are being compared to apples." *Id.* at 1101 (quotation marks omitted). When considering a claim of disparity, we consider whether the defendant is similarly situated to the defendants he presents as comparators who received a different sentence. *See United States v. Johnson*, 980 F.3d 1364, 1386 (11th Cir. 2020). A defendant's arguments about unwarranted disparity should be specific enough for us to "gauge." *United States v. Hill*, 643 F.3d 807, 885 (11th Cir. 2011) (noting that the defendant's argument that there was an unwarranted disparity between his sentence and others who have been convicted of fraud crimes throughout the country "would be difficult to gauge").

The Supreme Court has stated that the "avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges." *Gall*, 552 U.S. at 54. When a district court correctly calculates and carefully reviews the Guideline range, the court has "necessarily [given] significant weight and consideration to the need to avoid unwarranted disparities." *Id.*

We ordinarily expect sentences within a defendant's guideline range to be reasonable. *See United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009). Another sign of reasonableness is that the sentence is well below the statutory maximum. *See United*

*States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (involving an upward-variance sentence).

Mr. Anderson's 216-month sentence for Counts 1 through 3—a downward variance from the advisory range of 262 to 327 months—is not substantively unreasonable. The district court considered the § 3553(a) factors and did not abuse its discretion weighing his criminal history, the seriousness of the offense, and deterrence more heavily than his mental health, personal and family history, and background in imposing a sentence well below the low-end of the guideline range. By correctly calculating and carefully reviewing the guideline range, the district court necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.

## V

We affirm Mr. Anderson's sentence.

**AFFIRMED.**